TOTZKAY v DuBOIS

Docket No. 51163. Submitted April 20, 1981, at Detroit.—Decided July 7, 1981.

William O. Totzkay, owner of a building located in Flat Rock, Michigan, leased the building to Colto Manufacturing Company, Inc., for the operation of a tool shop and to Dorer Engineering, Inc., for the storage of cardboard packaging material. Sentry Insurance Company insured Dorer against fire loss. The building was substantially destroyed by fire when Joe DuBois, while repairing his vehicle's muffler and gasoline tank, ignited some leaking gasoline. DuBois had purchased the automobile approximately a week earlier from Noah DeBerry and William Tatro, doing business as Used Car Corral. Sentry Insurance Company is subrogee to the claim of Dorer for the loss of its packaging material. Totzkay, Colto, Dorer, and Sentry Insurance brought suit against DuBois in Wayne Circuit Court alleging tort liability for DuBois's alleged negligence. Progressive Casualty Insurance Co., DuBois's insurer, defended the action for DuBois. Plaintiffs did not name Progressive as a defendant when the complaint was filed. The plaintiffs filed their complaint subsequent to the Court of Appeals decision in *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), which declared that the property protection insurance sections in the no-fault insurance act were invalid, and consequently tort liability was possible. Subsequently, the Supreme Court in *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979), held that the property protection insurance sections were constitutional and thus tort liability was abolished. Joseph G. Rashid, J., granted summary judgment to DuBois because under the no-fault act DuBois had no tort liability. The plaintiffs appeal, alleging that because their suit was filed subsequent to the Court of Appeals decision declaring the

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 230.

[2] 7A Am Jur 2d, Automobile Insurance §§ 448, 449, 453.

Validity and construction of "no fault" automobile insurance plans. 42 ALR3d 229.

property protection insurance sections in the no-fault act invalid and before the Supreme Court *Shavers* decision, their allegations of tort liability were proper. *Held:*

The trial court should have applied the Court of Appeals *Shavers* decision to determine that the complaint was not barred for alleging tort liability and not naming the insurance company as a defendant. The trial court should then have applied the current law of the Supreme Court *Shavers* decision to excise any tort liability allegations and determine whether the remaining allegations set forth a claim under the property protection insurance sections of the no-fault act.

Reversed and remanded with instructions.

1. COURTS — COURT OF APPEALS — PRECEDENT.

A decision of any division of the Court of Appeals is controlling statewide until a contrary decision is reached by another division on the identical question or until such decision is reversed by the Supreme Court.

2. INSURANCE — NO-FAULT INSURANCE — ACTIONS — PARTIES — INSURER AS NAMED DEFENDANT.

An insurer need not be named as a defendant in a no-fault insurance automobile case as opposed to the insured party merely because the insurer may be ultimately liable for the damages.

*Charles K. Kovsky,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Larry G. Mason* and *Christine Oldani),* for defendant DuBois.

*Conklin, Maloney, Loesch & Caravas,* for defendants DeBerry, Tatro, and Used Car Corral.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of summary judgment entered in favor of defendant DuBois on April 22, 1980, by the Wayne County Circuit Court.

A building owned by Totzkay and leased to Colto Manufacturing Company and Dorer Engineering, Inc., was substantially destroyed by fire on April 4, 1975. Defendant DuBois, insured by Progressive Casualty Insurance Company, allegedly caused the fire while repairing his car. On October 19, 1976, plaintiffs sued defendant DuBois (hereafter referred to as defendant) alleging negligence.

The question presented is whether the trial court erred in granting defendant's motion for summary judgment when plaintiffs alleged tort liability against defendant individually and did not name defendant's insurance company as a defendant when the complaint in the instant case was filed after the Court of Appeals decision in *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), and before the Supreme Court decision in that case, *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979).

Plaintiffs contend that because their suit was filed subsequent to the Court of Appeals decision declaring the property protection insurance sections in the no-fault act invalid, their allegations of tort liability were proper. Defendant argues that the Michigan Supreme Court decision controls the case. The Supreme Court held the property protection insurance sections were constitutional and, therefore, under MCL 500.3135; MSA 24.13135, tort liability was abolished.

This Court's first inquiry must be to determine the applicable law. In the present case, the complaint was filed after the Court of Appeals decision. A Court of Appeals decision is binding until reversed by the Supreme Court. *Hackett v Ferndale City Clerk,* 1 Mich App 6; 133 NW2d 221 (1965), *People v McDaniels,* 70 Mich App 469; 245

NW2d 973 (1976), *lv den* 399 Mich 841 (1977). As stated in *Hackett, supra,* 11:

"While it is not necessary to decision here, it is the opinion of this Court that a decision of any division of this Court is controlling statewide until a contrary decision is reached by another division on the identical question or until such decision is reversed by the Supreme Court."

At the time of the filing of the complaint, then, the property protection insurance sections were invalid and, thus, tort liability remained. MCL 500.3030; MSA 24.13030 provides that an insurer shall not be made or joined as a party defendant. Therefore, at the time of the filing of their complaint, the proper procedure for plaintiffs would have been to sue in tort and name DuBois individually as defendant. See, also, *Marshall v Pech,* 95 Mich App 454, 460; 291 NW2d 78 (1980), *lv den* 409 Mich 904 (1980), holding that the Court of Appeals decision in *Shavers* was binding until reversed by the Supreme Court.

Granting of the summary judgment based upon either an improper allegation of tort liability or improperly naming defendant as an individual, therefore, was improper. At the present time, however, the Supreme Court *Shavers* decision controls any subsequent action in this case. In this regard, we note that plaintiffs admit that any tort liability allegations should be excised from the complaint. Additionally, we note that under MCL 500.3121; MSA 24.13121 an insurer "is liable to pay benefits for accidental damage to tangible property". We believe § 3030, prohibiting naming an insurer as a defendant, can be read consistently with § 3121. Merely because an insurer is ultimately liable does not require naming the insurer,

as opposed to the insured, as a defendant. See *Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978) (opinion of Judge BASHARA in a partial dissent in disposing of an issue satisfactorily to the majority), *Stevens v Hogue,* 85 Mich App 185; 270 NW2d 735 (1978), *lv den* 404 Mich 828 (1979).

In conclusion, when the trial court made its decision on the motion for summary judgment, the court should have applied the Court of Appeals *Shavers* decision to determine that the complaint was not barred for alleging tort liability and not naming the insurance company as a defendant. The trial court should then have applied the current law of the Supreme Court *Shavers* decision to excise any tort liability allegations and determine whether the remaining allegations set forth a claim under the property protection insurance sections of the no-fault act.

Reversed and remanded for proceedings consistent with this opinion.