MATTI AWDISH, INC v WILLIAMS

Docket No. 51360. Submitted February 18, 1982, at Detroit.—Decided
    June 22, 1982. Leave to appeal applied for.

Matti Awdish, Inc., operates a liquor store in Detroit. Randy
    Williams was operating a vehicle when the vehicle crashed into
    the liquor store. The property was immediately boarded up, but
    three break-ins occurred before the store was repaired. Farmers
    Insurance Group, Williams' no-fault insurer, offered to pay a
    sum of money to cover the losses in return for a full and
    complete release from liability. The offer was rejected as being
    inadequate. Matti Awdish, Inc., Mike Awdish, Fami Awdish,
    and Alla Awdish filed suit against Williams in Wayne Circuit
    Court. The trial court granted defendant's motion for summary
    judgment on the basis that the no-fault automobile insurance
    act rendered him immune from liability for property damage
    arising out of the ownership, maintenance or use of a motor
    vehicle, Roland L. Olzark, J. Plaintiffs filed a motion to add
    Farmers Insurance Group as a party defendant. The motion
    was denied. Plaintiffs appeal. *Held:*

    1. The insurer, not the insured, is the proper party defendant
    to an action in which the plaintiff seeks property protection
    benefits arising out of the ownership, maintenance or use of a
    motor vehicle. The grant of summary judgment in defendant's
    favor was proper since a no-fault insured cannot be held liable
    for economic losses. The order granting summary judgment in
    defendant's favor is affirmed.

    2. Plaintiffs' motion to add Farmers as a party defendant was
    apparently denied because of the expiration of the one-year
    period of limitations. Under the facts of this case, the statute of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7] 7 Am Jur 2d, Automobile Insurance § 366.
    Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

[3] 7 Am Jur 2d, Automobile Insurance §§ 348, 349, 358, 363.

[4] 7 Am Jur 2d, Automobile Insurance § 351.

[5] 51 Am Jur 2d, Limitation of Actions §§ 272, 273.

[6] 51 Am Jur 2d, Limitation of Actions § 272.

[7] 61A Am Jur 2d, Pleading § 99.

limitations should not be deemed a bar to allowing the amendment adding Farmers as a party defendant. No injustice will result by requiring Farmers to defend against plaintiffs' complaint on its merits. The order denying plaintiffs' motion to amend their complaint is reversed.

3. The fact that plaintiffs' complaint includes allegations of negligence is not fatal to the validity of the complaint.

Affirmed in part, reversed in part, and remanded.

1. PARTIES — NO-FAULT INSURANCE — PROPERTY PROTECTION BENEFITS.

The insurer, not the insured, is the proper party defendant in an action in which the plaintiff seeks property protection benefits arising out of the ownership, maintenance or use of a motor vehicle.

2. INSURANCE — NO-FAULT INSURANCE — PROPERTY PROTECTION BENEFITS.

A no-fault automobile insurer is liable for payment of benefits for property damage caused by its insureds (MCL 500.3121[1]; MSA 24.13121[1]).

3. INSURANCE — NO-FAULT INSURANCE — TORT LIABILITY.

An insured party under the no-fault automobile insurance act continues to have tort liability only for noneconomic losses where death, serious impairment of body function, or permanent serious disfigurement has resulted (MCL 500.3135; MSA 24.13135).

4. INSURANCE — NO-FAULT INSURANCE — PARTIES.

The provision of the statute which prohibits any mention of an insurer is inapplicable to actions seeking economic losses brought under the no-fault automobile insurance act (MCL 500.3030; MSA 24.13030).

5. LIMITATION OF ACTIONS — MULTIPLE PARTIES.

Whether the general rule which states that when an action is instituted against one party the applicable limitations period is not tolled against other potential parties not originally named as defendants in the suit should be applied turns on the particular circumstances of each case.

6. LIMITATION OF ACTIONS — KNOWLEDGE OF ACTION.

Mere knowledge of a lawsuit on the part of a potential party does not preclude that party from asserting a statute of limitations defense if it is added as a party defendant.

7. INSURANCE — NO-FAULT INSURANCE — PROPERTY PROTECTION BEN-
      EFITS — PLEADINGS.
   A cause of action for property protection benefits under the no-
   fault automobile insurance act is made out by alleging that
   damages to property were caused by an insurer's insured and
   that the action arose out of the insured's ownership, mainte-
   nance or use of a motor vehicle; if allegations of negligence are
   also pled, they constitute mere surplusage which is not fatal to
   the validity of the complaint.

*Michael Kranson,* for plaintiffs.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by
*Michael J. Black* and *Susan Tukel),* for defendant.

Before: MACKENZIE, P.J., and BRONSON and T. R.
THOMAS,* JJ.

BRONSON, J. On January 30, 1979, plaintiffs filed
suit against defendant, alleging that his negligent
operation of a motor vehicle resulted in extensive
property damage to their business premises and
the loss of merchandise through theft. Farmers
Insurance Group, defendant's insurer, was not
named a party in this action.

Defendant moved for summary judgment pursu-
ant to GCR 1963, 117.2(1) on the basis that the no-
fault automobile insurance act, MCL 500.3101 *et
seq.;* MSA 24.13101 *et seq.,* rendered him immune
from liability for property damage arising out of
the ownership, maintenance, or use of a motor
vehicle. This motion was granted by the trial
court. Thereafter, plaintiffs filed a motion to
amend their complaint by adding Farmers Insur-
ance Group as a party defendant. This motion was
denied by the trial court. Orders granting the
defendant's motion for summary judgment and
denying plaintiffs' motion to add a party defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

were formally entered on April 17, 1980. Plaintiffs appeal as of right from these orders.

The underlying facts of this dispute follow. Matti Awdish, Inc., runs a liquor store known as Dean's Wine Rack in the City of Detroit. On November 5, 1978, a vehicle operated by defendant crashed into the store at approximately 2 a.m. According to plaintiffs, the store was immediately boarded up after the accident. Nonetheless, three break-ins occurred before the store was repaired.

On December 6, 1978, Farmers Insurance Group offered plaintiffs a sum of money in return for a full and complete release. Plaintiffs refused the insurance company's offer because they did not believe it provided adequate compensation for their losses. This led to the suit against defendant and the instant appeal.

We will first discuss whether the trial court properly granted summary judgment in favor of defendant. Plaintiffs assert that a suit instituted against a no-fault insurer's insured constitutes a suit against the insurance company, itself.[1] As such, plaintiffs argue that their failure to name Farmers Insurance Group as a defendant is not fatal to their right to bring this action.

---

[1] Plaintiffs argued in the lower court that the insurer could not be named a defendant to the action because of the existence of MRE 411, which provides:

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, if controverted, or bias or prejudice of a witness."

To the same effect is MCL 500.3030; MSA 24.13030, which states:

"In the original action brought by the injured person, or his or her personal representative in case death results from the accident, as mentioned in section 3006, the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial."

Whether or not it is necessary to name the insurer as defendant in an action for property damages arising out of the ownership, maintenance or use of a motor vehicle has been considered, albeit indirectly, by two panels of this Court. In *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979), *lv den* 408 Mich 855 (1980), this Court was called upon to resolve a case very similar to this one. There, Home Insurance Company paid a fur shop for property damage which resulted from an accident involving several motor vehicles. Thereafter, Home Insurance, as subrogee of the fur shop, instituted suit against the drivers of the vehicles. Home Insurance did not, however, name the drivers' insurers as parties in the action. Later on, Home Insurance moved to amend its complaint to add the insurers. Two of the insurers asserted the one-year limitations period of MCL 500.3145(2); MSA 24.13145(2) as a bar. The trial court rejected this argument, but, on appeal, this Court reversed, holding that a suit against the insured is not a suit against the insurer. In *Home Ins Co,* the individual defendants apparently did not move for summary judgment. As such, this Court did not address the issue of whether the insurer's suit against the individual vehicle drivers had any legal validity. By implication, however, the Court found that the insurers who had moved for summary judgment[2] based on the statute of limitations could not be held liable for any verdict ultimately rendered in plaintiff's favor.

In *Totzkay v DuBois,* 107 Mich App 575; 309 NW2d 674 (1981), this Court construed MCL

_____

[2] In actuality, a motion for summary dismissal based upon a statute of limitations defense should be denominated as one seeking accelerated judgment pursuant to GCR 1963, 116.1(5). The Court in *Home Ins Co* did not address the problem of the defect in defendants' nomenclature of its motion.

500.3030; MSA 24.13030, providing that an insurer shall not be named as a party defendant, and MCL 500.3121; MSA 24.13121, providing that a no-fault insurer is liable to pay benefits for property damage. The *Totzkay* Court found no inconsistency between the provisions, stating: "Merely because an insurer is ultimately liable does not require naming the insurer, as opposed to the insured, as a defendant."[3] *Id.,* 578-579.

We agree with the panel which decided *Home Ins Co,* disagree with the panel which decided *Totzkay,* and conclude that in an action in which the plaintiff seeks property protection benefits arising out of the ownership, maintenance, or use of a motor vehicle the insurer, and not the insured, is the proper party defendant to the action. Pursuant to MCL 500.3121(1); MSA 24.13121(1), an insurer is liable to pay benefits for property damage caused by its insureds. By MCL 500.3135; MSA 24.13135, an insured continues to have tort liability only for noneconomic losses where death, serious impairment of body function, or permanent serious disfigurement has resulted.[4] Once the registrant of a motor vehicle has obtained the security

[3] We note that this statement was dictum in *Totzkay.* The actual basis for the *Totzkay* holding was that this Court, in *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), had declared the property protection insurance sections of the no-fault automobile insurance act unconstitutional before the Supreme Court reversed this holding in *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). As such, the insured was properly named the party defendant since a decision of this Court is binding until reversed by the Supreme Court.

[4] Exceptions to this rule are that a plaintiff may sue for economic losses: (1) where defendant has intentionally caused the harm, MCL 500.3135(2)(a); MSA 24.13135(2)(a); (2) where allowable expenses, work loss, and survivor's losses exceed the limitations of §§ 3107 and 3110 of the no-fault automobile insurance act, MCL 500.3135(2)(c); MSA 24.13135(2)(c); and (3) for damages of up to $400 to motor vehicles to the extent the loss is not covered by insurance, MCL 500.3135(2)(d); MSA 24.13135(2)(d).

mandated by MCL 500.3101(1); MSA 24.13101(1), his obligation ends and the proper party from whom to seek benefits is the insurer.

We believe that there exists a fundamental flaw with the rationale of *Totzkay* on the question of who is a proper defendant where property protection benefits are sought by an injured party pursuant to the no-fault act. If the panel which decided *Totzkay* would agree that a defendant insured can obtain summary judgment in a suit brought for economic losses, then naming the insured as a party defendant does not ensure an adjudication of the dispute on its merits. Moreover, acceptance of this conclusion inevitably leads to the further conclusion that the insurer must be a named defendant in a suit for economic losses, if plaintiff is to have his claim decided on its merits.[5] This, in turn, would suggest that the *Totzkay* Court's determination that MCL 500.3121; MSA 24.13121 and MCL 500.3030; MSA 24.13030 can be read as consistent with one another is in error. If, on the other hand, the panel which decided *Totzkay* believes a named insured cannot be summarily dismissed as a defendant from a suit arising out of the ownership, maintenance, or use of a motor vehicle, then the *Totzkay* panel is either saying: (a) that the insured may be held liable for the damages (which is contrary to the no-fault act) or (b) that even though the insured cannot be held liable for a judgment in plaintiff's favor, it is the proper named defendant (in which case someone other than the real party in interest is deemed the appropriate party to defend the suit). This latter

---

[5] By reference to adjudication of the claim "on its merits", we do not mean to imply that in all cases a full trial would be required. Conceivably, summary judgment might be appropriate based on GCR 1963, 117.2(3), no genuine issue as to any material fact. A proper grant of summary judgment on this basis is akin to an adjudication on the merits.

conclusion, however, is prohibited by MCL 600.2041; MSA 27A.2041 and GCR 1963, 201.2, which require the real parties in interest to prosecute the action.

In our opinion, MCL 500.3030; MSA 24.13030, which prohibits any mention of an insurer, is inapplicable to actions seeking economic losses brought under the no-fault act. Except for those accidents in which the no-fault act is applicable, a negligent insured remains liable to an injured person for damages. The insurer merely becomes liable to the insured as a matter of contract if the insured is ultimately deemed liable to the injured party. The same is not true of one insured by a no-fault automobile policy, however. As noted above, the Legislature has eliminated tort liability for economic losses caused by negligent drivers insured under no-fault automobile policies. A no-fault insured who causes economic damage, then, is neither primarily nor secondarily liable to the injured party. No-fault insureds and insureds under other types of policies are differently situated because of their differing statutory statuses. Since, by statute, a no-fault insured cannot be held liable for economic losses, the grant of summary judgment in defendant's favor was proper.

We now turn to the question of whether the trial court should have allowed plaintiffs to add Farmers Insurance Group as a party defendant. The motion was apparently denied for the reason that the one-year limitations period of MCL 500.3145(2); MSA 24.13145(2) had already expired.

It is the general rule that when an action is instituted against one party, the applicable limitations period is not tolled against other potential parties not originally named as defendants in the suit. See, for instance, *Ciotte v Ullrich,* 267 Mich

136, 138-139; 255 NW 179 (1934), *Browder v International Fidelity Ins Co,* 98 Mich App 358; 296 NW2d 60 (1980). However, this proposition is not sacrosanct. Whether this rule should be applied turns on the particular circumstances of each case. *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349, 355; 282 NW2d 317 (1979).

Although this case is close, we conclude that on the facts before us the statute of limitations should not be deemed a bar to allowing the amendment adding the insurer as a party defendant. In November, 1978, Farmers Insurance Group indicated that it would adjust plaintiffs' claim. Only when the insurer and plaintiffs could not agree on the amount of damages was this suit instituted. Defendant forwarded the complaint and summons to his insurer. The insurer, in turn, retained the law firm which provided defendant's defense in this case. It is obvious that the Farmers Insurance Group had actual knowledge of the pendency of the suit. The insurer's law firm only brought its motion for summary judgment on defendant's behalf after the one-year limitations period of MCL 500.3145(2); MSA 24.13145(2) had safely expired. It may be inferred that this concededly clever tactic was taken with malice aforethought, particularly given that the answer filed on behalf of defendant asserted as an affirmative defense that he was "an improper party to this litigation". We recognize that mere knowledge of a lawsuit on the part of a potential party does not preclude that party from asserting a statute of limitations defense if it is added as a party defendant. *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664, 676; 189 NW2d 125 (1971), *lv den* 385 Mich 765 (1971). Here, however, there was much more than mere knowledge. The insurer literally conducted the

defense for the insured. Presumably, had the insured hired his own attorney, that lawyer would have immediately moved for summary judgment and not have waited until the limitations period had run against the insurer. Moreover, based on existing precedent, it could not be said to have been obvious that the insurer was the proper party defendant to a suit seeking no-fault benefits for economic loss, and conversely, that the insured was an improper party. Thus, this is not a simple case of lack of diligence or negligence on the part of plaintiffs' counsel. In view of these considerations we see no injustice in requiring the Farmers Insurance Group to defend against plaintiffs' complaint on its merits.

The instant situation can be likened to the so-called misnomer cases where the right party is served under a wrong name or in an incorrect capacity. In this situation, the courts have deemed the applicable statute of limitations tolled because the true defendant had notice of the litigation and was not prejudiced by the amendment. For a general discussion of the misnomer problem, including citations, see *Cobb v Mid-Continent Telephone Service Corp, supra,* 354-357. The instant case does not involve a true misnomer problem because defendant cannot be considered the agent of the insurer. However, as noted above, given the fact that the insurer actually controlled the defense in this action, the policy behind recognizing a statute of limitations defense—the foreclosure of stale claims—is wholly inapplicable. Not only did the insurer have notice of the action, it ran the defense. As such, it can hardly claim that it would be unfairly forced to litigate a stale claim if the applicable limitations period were deemed tolled. Compare, *Hiner v State Highway Comm,* 96 Mich

App 497; 292 NW2d 709 (1980), *lv den* 409 Mich 914 (1980).[6]

Defendant also rather obliquely suggests that plaintiffs' complaint fails to state a cause of action because it sounds in negligence, while tort liability for economic losses arising out of the ownership, maintenance, or use of an automobile has been abolished. We agree with defendant that plaintiffs' complaint is inartfully drafted and unnecessarily avers the negligence of defendant. A cause of action for property protection benefits under the no-fault act is made out by alleging that damages to property were caused by the insurer's insured and that the *action arose out of the* insured's ownership, maintenance, or use of a motor vehicle. If allegations of negligence are also pled, they constitute mere surplusage which are not fatal to the validity of the complaint. *Attorney General, ex rel Henry M Reynolds v William May,* 97 Mich 568, 573-574; 56 NW 1035 (1893).

The order granting summary judgment in defendant's favor is affirmed. The order denying plaintiffs' motion to amend their complaint is reversed.

Affirmed in part; reversed in part, and remanded for proceedings consistent with this opinion. No costs, an issue of statutory construction being crucial to resolution of this case.

---

[6] Defendant emphasizes two facts in arguing that the statute of limitations should not be deemed tolled. First, plaintiffs acknowledge that within days of the accident, they knew that the Farmers Insurance Group insured defendant. Second, defendant's answer put plaintiffs on notice that a motion would be brought contending that he was an improper party to the suit. It is these facts which make this case close. Ultimately, however, particularly in light of the fact that the insurer assumed responsibility for defendant's defense, we think the equities preponderate in favor of holding that the applicable limitations period was tolled.