# STATE OF MICHIGAN

# COURT OF APPEALS

DTE ELECTRIC COMPANY, formerly known as
THE DETROIT EDISON COMPANY,

UNPUBLISHED
September 29, 2015

Plaintiff-Appellant,

v

No. 322701
St. Clair Circuit Court
LC No. 13-001035-NF

THEUT PRODUCTS, INC., and JOHN DOE
INSURANCE COMPANY,

Defendants-Appellees.

Before: GADOLA, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition in favor of defendant Theut Products, Inc. (Theut). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a June 4, 2012 incident in which a cement truck owned by Theut caught overhead electrical lines and pulled down five utility poles owned by plaintiff in Clay Township, Michigan. The Clay Township Fire Department filed an incident report, which provided that the cement truck was insured with "EMC Ins Co." The traffic crash report for the incident indicated that the no-fault insurance provider was "EMC Ins," and it listed an insurance policy number. Before filing the complaint, plaintiff's attorney conducted a search for insurance companies with the acronym "EMC" in their name. Plaintiff's attorney found two insurance companies with the slightly different acronym "ECM" in their names, but the insurance companies merged and changed their name to Socius Insurance Agency Services, Inc.

On April 3, 2013, plaintiff filed a complaint in the trial court against Theut and John Doe Insurance Company (JDIC). Plaintiff alleged that Theut was liable for negligent operation of a motor vehicle and that JDIC was liable for property protection benefits under the no-fault act, MCL 500.3101 *et seq.* A summons was signed on April 3, 2013, and issued on April 15, 2013. The summons was addressed to Theut. The summons and complaint were served on Theut on May 6, 2013. Scott Hopfinger, the controller of Theut, forwarded the summons and complaint to EMC Insurance Company (EMC) within a week of May 6, 2013. According to Hopfinger, he did not hire Theut's attorney. Instead, EMC's attorneys contacted him after he forwarded the summons and complaint to EMC. Theut's attorney filed an appearance on behalf of Theut on

-1-

May 29, 2013. Theut filed an answer and a notice of affirmative defenses on June 28, 2013. Theut asserted that it was not liable since the electrical lines were too low and the applicable limitations period in MCL 500.3145(2) barred plaintiff's claim.

Plaintiff filed a motion to amend the complaint to list Socius Insurance Agency Services, Inc., as the insurance provider. The day after plaintiff filed the motion, Theut's attorney sent an e-mail to one of the attorneys for plaintiff, informing him that the name of the insurance company is "EMC Insurance." Theut filed a response to plaintiff's motion for leave to amend the complaint, which stated, in relevant part, that EMC is the proper insurance provider. Plaintiff filed a reply brief, which requested that the court amend each reference to JDIC in the complaint to EMC. The trial court denied the motion since the amendment was futile. The court reasoned that plaintiff failed to notify the insurance company of the action within the one-year limitations period outlined in MCL 500.3145(2).

Plaintiff filed a motion for reconsideration, arguing that EMC was not an authorized no-fault insurer and that EMCASCO Insurance Company (EMCASCO) was the likely no-fault insurer. Theut filed a response to the motion for reconsideration, acknowledging that EMCASCO is its no-fault insurance provider and stating that EMC is another name for EMCASCO. The trial court denied reconsideration. Theut then filed a motion for summary disposition, arguing that it was not liable since it maintained the proper no-fault security under MCL 500.3101. Theut attached to its motion the no-fault insurance policy that was in place during the incident. The name "EMC Insurance Companies" appeared at the top of the policy. However, the policy also referred to the insurer as "Employers Mutual Casualty Company." Plaintiff filed a response to Theut's motion for summary disposition, arguing that Theut was liable if it was uninsured and that Theut waived the issue since it failed to state in its answer that it had a no-fault insurance policy. Plaintiff argued that the court should bar Theut under the doctrine of judicial estoppel from asserting that it has no-fault coverage.

The trial court entered an order to dismiss the case against JDIC since JDIC was not served with process within the proper time frame. Plaintiff filed a motion to set aside the order dismissing the action against JDIC, arguing that JDIC submitted to the jurisdiction of the court by appearing in the action. Plaintiff also filed a motion requesting that the court enter a default judgment against JDIC. The trial court determined that plaintiff failed to show diligence in determining the identity of the insurance company. The court reasoned that plaintiff did not file a motion to amend the name of the insurance company in the complaint to EMC, and EMC was not served with process. The trial court also granted summary disposition in favor of Theut, reasoning that Theut's tort liability was abolished when it obtained no-fault coverage under MCL 500.3101(1).

## II. MOTION TO AMEND THE COMPLAINT

Plaintiff first argues that the trial court abused its discretion when it denied plaintiff's motion to amend the complaint and plaintiff's motion for reconsideration. We disagree.

This Court reviews for an abuse of discretion a trial court's decision on a motion to amend a complaint. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). " 'The trial court abuses its discretion when its decision results in an

outcome that falls outside the range of reasonable and principled outcomes.' " *Sulaica v Rometty*, 308 Mich App 568, 589-590; 866 NW2d 838 (2014) (citation omitted). This Court reviews de novo "the question whether a claim is barred by the statute of limitations and the issue of the proper interpretation and applicability of the limitations periods." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014). This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 451; 844 NW2d 727 (2013), aff'd 497 Mich 337 (2015).

Motions to amend a complaint are ordinarily granted. *Diem*, 307 Mich App at 216. MCR 2.118(A)(1) provides, "A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(2) adds, "Except as provided in [MCR 2.118(A)(1)], a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." A trial court may deny a motion to amend for the following reasons:

> (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. Absent bad faith or actual prejudice to the opposing party, delay, alone, does not warrant denial of a motion to amend. [*Diem*, 307 Mich App at 216 (citation and quotation marks omitted).]

The trial court did not abuse its discretion when it refused to allow plaintiff to amend its complaint since the amendment would have been futile. MCL 500.3145(2) provides, "An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident." The complaint was filed in the trial court on April 3, 2013, but plaintiff did not file a motion to amend the complaint to include the proper insurance company defendant until after the one-year limitations period expired. Therefore, the limitations period expired.

Plaintiff argues that the limitations period was tolled under MCL 600.5856. MCL 600.5856 provides, in part:

> The statutes of limitations or repose are tolled in any of the following circumstances:

> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

> (b) At the time jurisdiction over the defendant is otherwise acquired.

MCR 2.102(D) explains, in part:

> A summons expires 91 days after the date the complaint is filed. However, within those 91 days, on a showing of due diligence by the plaintiff in attempting to serve the original summons, the judge to whom the action is

assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period.

The limitations period in MCL 500.3145(2) was not tolled. "The filing of a 'John Doe' complaint does not toll the statute of limitation with respect to parties not yet specifically named." *Rheaume v Vandenberg*, 232 Mich App 417, 424; 591 NW2d 331 (1998). Thus, the filing of the complaint against JDIC did not toll the limitations period with regard to EMC. See *id*. Furthermore, even assuming that the filing of the "John Doe" complaint could have tolled the limitations period, plaintiff failed to serve a copy of the summons and complaint on the insurance company, as discussed in further detail below. See MCL 600.5856(a). Finally, the court did not otherwise acquire jurisdiction over the insurance company since the insurance company failed to appear in the case, as discussed in further detail below. See MCL 600.5856(b). Therefore, the one-year limitations period was not tolled when plaintiff filed the "John Doe" complaint. See MCL 600.5856.

Plaintiff also did not merely seek to correct a misnomer in the complaint when it moved to amend the complaint. In general, a party may amend a misnomer in a pleading unless the effect of the amendment is an entire change of the party. *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007). "The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties . . . ." *Id*. at 106-107. This includes when a corporate party is sued under the wrong name, but service was made on the right party. *Id*. at 107. The misnomer doctrine does not apply if the plaintiff attempts to "add a wholly new and different party." *Id*. In this case, plaintiff sought to add an entirely new party to the case, rather than amend an inconsequential deficiency or technicality in the name of a party. See *id*. at 106-107. Service was never made on the right party. *Id*. at 107. Therefore, the misnomer doctrine does not permit plaintiff to amend the complaint. See *id*. at 106-107.

Plaintiff argues that this Court's decision in *Matti Awdish, Inc v Williams*, 117 Mich App 270; 323 NW2d 666 (1982), controls the outcome in this case. In *Matti Awdish*, the plaintiffs sued the defendant, arguing that the defendant's negligent operation of a motor vehicle damaged the plaintiffs' property. *Id*. at 272. The complaint did not name the defendant's insurer as a party to the action. *Id*. The trial court denied the plaintiffs' motion to amend the complaint because the one-year limitations period in MCL 500.3145(2) expired. *Id*. This Court held that the limitations period was tolled since the defendant forwarded the claim to the insurer, the insurer hired the law firm that defended the case, and the insurer "literally conducted the defense." *Id*. at 278-279. This Court emphasized that the insurer had actual knowledge of the lawsuit and conducted the defense on behalf of the defendant. *Id*.

However, this case is distinguishable from *Matti Awdish* since the limitations period in MCL 500.3145(2) is no longer subject to judicial tolling. In *Secura Ins Co v Auto-Owners Ins Co*, 461 Mich 382, 385-387; 605 NW2d 308 (2000), the Michigan Supreme Court clarified that a property protection insurance claim under MCL 500.3145(2) is not subject to judicial tolling. The Court explained that the statute was clear and that "[t]he Legislature has decreed that property damage claims must be brought within one year of the accident." *Id*. at 387. Thus, the trial court could not toll the limitations period outlined in MCL 500.3145(2) under the doctrine of judicial tolling. See *id*. Furthermore, this case is distinguishable from *Matti Awdish* since

plaintiff filed a "John Doe" complaint, and the filing of a "John Doe" complaint does not toll the limitations period with regard to an unnamed party. See *Rheaume*, 232 Mich App at 424. Finally, *Matti Awdish* is not binding since it is a pre-1990 decision of this Court. See *Barrow v City of Detroit Election Comm*, 301 Mich App 404, 420 n 8; 836 NW2d 498 (2013) (noting that a pre-1990 decision of this Court is not binding). Therefore, *Matti Awdish* does not control the outcome in this case. For the reasons discussed above, the trial court did not err in denying plaintiff's motion to amend the complaint since the amendment was futile. See *Diem*, 307 Mich App at 216.

The trial court also did not err when it denied reconsideration. In general, a trial court will not grant a motion for reconsideration that presents the same issue that the court ruled on either explicitly or impliedly. MCR 2.119(F)(3). "In order to establish the right to relief, the party bringing the motion for reconsideration must establish that the trial court made a palpable error and a different disposition would result from correction of the error." *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 516; 853 NW2d 481 (2014). Plaintiff argued in its motion for reconsideration that *Matti Awdish* controlled the outcome in this case and that Theut failed to identify its no-fault insurer. Plaintiff did not establish that the trial court made a palpable error with regard to the one-year limitations period or that a different disposition should result from correction of the error. Therefore, the trial court properly denied the motion for reconsideration. See MCR 2.119(F)(3); *Huntington Nat'l Bank*, 305 Mich App at 516.

## III. DISMISSAL OF JDIC

Plaintiff argues that the trial court erred when it refused to set aside the dismissal of JDIC and denied plaintiff's motion to recognize that JDIC appeared in the action and enter a default judgment. We disagree.

The issue involves the proper interpretation and application of several court rules. This Court reviews de novo the proper application and interpretation of a court rule. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 532; 866 NW2d 817 (2014).

MCR 2.102(E)(1) dictates that an action may be dismissed as follows:

> (1) On the expiration of the summons as provided in [MCR 2.102(D)], the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. As to a defendant added as a party after the filing of the first complaint in the action, the time provided in this rule runs from the filing of the first pleading that names that defendant as a party.

MCR 2.105(J)(3) provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." MCR 2.102(F) provides:

> A court may set aside the dismissal of the action as to a defendant under [MCR 2.102(E)] only on stipulation of the parties or when all of the following conditions are met:

(1) within the time provided in [MCR 2.102(D)], service of process was in fact made on the dismissed defendant, or the defendant submitted to the court's jurisdiction;

(2) proof of service of process was filed or the failure to file is excused for good cause shown;

(3) the motion to set aside the dismissal was filed within 28 days after notice of the order of dismissal was given, or, if notice of dismissal was not given, the motion was promptly filed after the plaintiff learned of the dismissal.

Plaintiff argues in its brief on appeal that JDIC was served with process. However, as discussed above, JDIC was not the real name of Theut's insurer. Therefore, there was no way that JDIC was served with a copy of the summons and complaint since JDIC did not exist. To the extent that plaintiff argues that EMC was served with process, there is no indication that EMC was ever served with process. Instead, Hopfinger sent EMC a copy of the summons that was directed to *Theut* and complaint that was directed *to Theut* and *JDIC*. Thus, EMC was never served with copy of the summons and complaint, and the situation does not merely involve improper service of process. See MCR 2.105(J)(3). In addition, plaintiff did not show due diligence in attempting to serve the original summons on the correct insurance company, which would have allowed the trial court to issue a second summons. Plaintiff's argument in the trial court was that it could not identify Theut's insurer and that EMC was merely a trade name for the insurance company. However, the traffic crash report and the incident report both identified EMC as Theut's insurer. In addition, Theut submitted evidence in the trial court indicting that a basic Internet search would have revealed the relationship between EMC and EMCASCO. See MCR 2.102(D). Therefore, the insurance company was not served with process, and the trial court did not err in refusing to grant a second summons since plaintiff did not show due diligence. See MCR 2.102(D) and (F).

Additionally, jurisdiction was not otherwise acquired when Theut's attorney took actions that indirectly benefitted EMC. MCR 2.117(A)(1) provides:

A party may appear in an action by filing a notice to that effect or by physically appearing before the court for that purpose. In the latter event, the party must promptly file a written appearance and serve it on all persons entitled to service. The party's address and telephone number must be included in the appearance.

MCR 2.117(B)(1) provides:

An attorney may appear by an act indicating that the attorney represents a party in the action. An appearance by an attorney for a party is deemed an appearance by the party. Unless a particular rule indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party.

Plaintiff argues in its brief on appeal that jurisdiction was otherwise acquired over JDIC when the insurance company appeared in the action. However, JDIC could not appear in the

action since it was a fictitious entity. To the extent that plaintiff argues that EMC appeared in the action as JDIC, plaintiff's argument also fails. No attorney took any action on behalf of EMC during the case. Instead, every action that the defense took was on behalf of Theut. The fact that Theut's answer and response to plaintiff's motion to amend the complaint were favorable to EMC did not render the actions of Theut's attorney actions on behalf of EMC. In addition, Theut's attorney was not acting on behalf of EMC when he requested extensions of the time to file the answer on behalf of Theut. Therefore, the insurance company did not appear in the case. See MCR 2.102(F)(1); MCR 2.117(A)(1) and (B)(1).

Similarly, the court did not err in refusing to grant a default judgment since, as discussed above, the insurance company was not served with a copy of the summons and complaint, and it did not submit to the court's jurisdiction. See MCR 2.603(A) (outlining the procedure for entry of a default judgment); MCR 2.108(A)(1) (providing that a defendant must file and serve a copy of the answer within 21 days of being served with the summons and complaint). Therefore, the trial court properly denied plaintiff's motions to overturn the dismissal of JDIC and to recognize that JDIC appeared in the case. See MCR 2.102(F)(1); MCR 2.117(A)(1) and (B)(1).

## IV. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred when it granted summary disposition in favor of Theut. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 408; 864 NW2d 591 (2014). The trial court did not distinguish whether it granted summary disposition under MCR 2.116(C)(8) or MCR 2.116(C)(10). However, since the trial court considered evidence outside of the pleadings when it granted summary disposition in favor of Theut, the issue is analyzed under MCR 2.116(C)(10). See *id*. at 408 n 2. "A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of a claim, and we consider the evidence—including 'affidavits, depositions, admissions, or other documentary evidence'—in the light most favorable to the nonmoving party." *Id*. at 408 (citation omitted). Summary disposition is proper if " 'there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Id*. (citation omitted).

The trial court did not err in granting summary disposition in favor of Theut since MCL 500.3135(3) precluded tort liability. MCL 500.3135(3) abolishes tort liability stemming from the ownership, use, or maintenance of a motor vehicle in the state for which security was obtained under MCL 500.3101, with several exceptions that plaintiff does not claim apply in this case. Theut provided evidence that it maintained security for the payment of benefits under MCL 500.3101(1) since it produced the no-fault policy that was in effect during the incident. Thus, MCL 500.3135(3) abolished Theut's tort liability stemming from the use of the cement truck. See MCL 500.3135(3).

However, plaintiff argues that Theut was required to argue that MCL 500.3135(3) abolished its tort liability in its answer or notice of affirmative defenses, and its failure to do so waived the defense. A party must raise an affirmative defense in the party's response pleading or in a motion for summary disposition that is filed before the first response pleading. *Citizens*

*Ins Co of America v Juno Lighting, Inc*, 247 Mich App 236, 241; 635 NW2d 379 (2001). "The failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993). "An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff." *Id*. "[I]t is a matter that accepts the plaintiff's allegation as true and even admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings." *Id*. Thus, " '[a]n affirmative defense presumes liability by definition.' " *Citizens Ins Co of America*, 247 Mich App at 241 (citation omitted; alteration in original). MCR 2.111(F)(3) provides:

> Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting

> (a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

> (b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

In *Premo v United States*, 599 F3d 540, 546 (CA 6, 2010), the United States Court of Appeals for the Sixth Circuit held that application of the no-fault act was not an affirmative defense, but rather, constituted the governing law in the case. " 'Though not binding on this Court, federal precedent is generally considered highly persuasive when it addresses analogous issues.' " *Fed Home Loan Mtg Ass'n v Kelley (On Reconsideration)*, 306 Mich App 487, 494 n 7; 858 NW2d 69 (2014) (citation omitted).

The abolishment of tort liability under MCL 500.3135(3) is not an affirmative defense. It is not listed as an example of an affirmative defense under MCR 2.111(F)(3)(a). Additionally, Theut did not seek to avoid the legal effect of or defeat plaintiff's claim under MCR 2.111(F)(3)(b). Theut never admitted in its answer that the allegations in plaintiff's complaint were true or that plaintiff established a prima facie case against it. See *Stanke*, 200 Mich App at 312; *Premo*, 599 F3d at 546. Rather, MCL 500.3135(3) was the governing law that abolished Theut's tort liability in the case. See *Stanke*, 200 Mich App at 312; *Premo*, 599 F3d at 546. Furthermore, Theut prevented surprise when it stated in its notice of affirmative defenses that "[p]art or all of the damages sought by the Plaintiff may not be recoverable under the applicable law." See MCR 2.111(F)(3)(c). Therefore, Theut's claim that MCL 500.3135(3) abolished its liability was not an affirmative defense, and Theut did not waive the argument that MCL 500.3135(3) bars plaintiff's claim. See *Stanke*, 200 Mich App at 312.

The trial court also did not err in allowing Theut to adopt the position that it had no-fault insurance coverage. " 'Judicial estoppel precludes a party from adopting a legal position in conflict with a position taken earlier in the same or related litigation. The doctrine protects the integrity of the judicial and administrative processes.' " *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 537; 847 NW2d 657 (2014) (citation omitted). Theut did not adopt a legal position that was in conflict with another position that it took earlier in the case when it stated in its response to plaintiff's motion to amend the complaint that its insurer was EMC. Instead, Theut maintained that EMC was its insurer throughout the proceedings. Furthermore, the identity of Theut's insurer was a factual issue, rather than a legal issue. See *id*. Additionally, the trial court's decision to deny plaintiff's motion to amend the complaint was based on plaintiff's failure to bring the claim against the insurance company within the one-year limitations period. The precise name of the insurance company was irrelevant to the trial court's decision. Accordingly, the trial court properly granted summary disposition in favor of Theut.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen