The plaintiff, Carrie Brant Becht, was appointed executrix of the last will and testament of Martha J. Brant in 1929, and duly qualified and entered upon the performance of her duties as such. On March 5, 1934, the defendant, probate judge of the county of Berrien, entered an order which, after reciting that her bond as executrix was insufficient, ordered her to file an additional bond in the sum of $50,000 on or before March 20, 1934. This order was duly served upon the executrix and also upon her attorneys on the day it was made. It was not complied with, and on March 22, 1934, the defendant entered an order removing her as executrix and appointing Francis J. Miller administrator de bonis non with the will annexed of said estate.
On March 27, 1934, the plaintiff filed a petition in the circuit court of that county, setting forth the proceedings had in the probate court and alleging that the defendant had no valid reason for requiring her to file such additional bond or for entering the order for her removal, and praying for an order to show cause why such orders should not be canceled, vacated and set aside. An order to show cause was issued and served upon the defendant. In his answer he denied many of the allegations in the petition, and alleged that at the time said orders were made the assets of the estate in plaintiff's hands subject to distribution amounted to the sum of $73,400, and that her bond as executrix then in force was but the sum of $10,000, and asked for dismissal thereof. *Page 203 
At the hearing in the circuit court, the defendant, who assumed office on January 1, 1933, was called as a witness by plaintiff's counsel. On being asked what he knew about the value of the assets of the estate when the order requiring an additional bond was made, he answered:
"I have not had an opportunity to go into the assets other than what I have learned by the amended inventory and the last supplemental final account and the other papers that are on file in the court."
The files and records of the probate court were not put in evidence. He admitted that he had no personal knowledge of the value of the assets, and that his information relative thereto was obtained from the attorney representing some of the parties in interest. It appears, however, from the answer filed and from the statement of the trial judge in his opinion, that at the time the order was made there were assets in the hands of the executrix of the face value of $73,400.
The only other witnesses were the plaintiff's attorney and the defendant's attorney, both of whom testified as to the then value of the assets, which consisted of bonds and stocks and certain crypts in the St. Joseph Mausoleum. They differed very much in the value placed by them thereon. It appears that when the executrix qualified she had furnished a bond in the sum of $65,000, and that on her petition representing that the assets undistributed then in her hands were of the value of but $6,000 the probate court ordered this bond reduced to $10,000. It also appears that she was afterwards required to inventory certain bonds of the value of *Page 204 
$21,000, but no additional bond had been required or furnished.
After the submission of proofs the trial court found that "it was abuse of discretionary powers to have required the furnishing of an additional bond of $50,000," and that, giving the testimony the most favorable consideration, he could not determine the amount of the bond that should be given. He therefore ordered the writ of mandamus to issue, commanding the probate judge to set aside the order requiring the furnishing of the additional bond and also the order "purporting to remove the said Carrie Brant Becht from office as executrix of said estate." By leave of this court the defendant has appealed therefrom.
The statute (3 Comp. Laws 1929, § 15567) requires an executor to give a bond to the judge of probate "in such reasonable sum as he may direct." The approval of the judge must be indorsed thereon (§ 15933). A new and additional bond shall be given whenever the judge "shall deem it necessary and proper" (§ 15944). Written notice of the requirement of such bond shall be given to the executor, and on the neglect or refusal to do so "the judge of probate may forthwith and of his own motion" remove the executor (§ 15945).
Section 15959 reads as follows:
"No appeal shall lie from any order of the probate court removing any executor, administrator, guardian or trustee for failure to give such new bond or render such account as may be required by order of such probate court in pursuance of law,nor from the appointment of special administrators or specialguardians nor from an order granting a rehearing." *Page 205 
The statute containing the first part of this section was enacted in 1887. That italicized was later added thereto. Its purpose is apparent. It was intended thereby to prevent the delay and expense incident to appeals from such orders. The legislature assumed that the judge of the probate court, with the records before him disclosing the assets of the estate, would require a bond sufficient in amount to protect the creditors and beneficiaries from loss.
Counsel for the defendant insists that the circuit court had no jurisdiction to issue the order to show cause. The right of appeal being thus denied, counsel for the plaintiff contend that review of the orders complained of may be had by the circuit court under the provision in our State Constitution, art. 7, § 10, which reads as follows:
"Circuit courts shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution and not prohibited by law, and appellate jurisdiction from all inferior courts and tribunals and a supervisory control of the same. They shall also have power to issue writs of habeascorpus, mandamus, injunction, quo warranto and certiorari and to hear and determine the same; and to issue such other writs as may be necessary to carry into effect their orders, judgments and decrees and give them general control over inferior courts and tribunals within their respective jurisdictions, and in all such other cases and matters as the Supreme Court shall by rule prescribe."
By denying the right of appeal from such orders of the probate court, the legislature could not impair or limit the jurisdiction of the circuit court conferred upon it by the constitutional provision. In the exercise of such control it has the right to issue the writs provided for therein, among which is that *Page 206 
of mandamus. It does not appear that any case involving this statutory provision has been presented to this court.
This section is quite similar in its provisions to article 7, § 4, under which the Supreme Court is given "a general superintending control over all inferior courts," with "power to issue writs of error, habeas corpus, mandamus, quo warranto,procedendo and other original and remedial writs, and to hear and determine the same."
The power thus conferred upon this court has been frequently exercised to relieve against an abuse of discretion on the part of the circuit court. To warrant the granting of such relief it must appear that "there is a clear legal right in the plaintiff to the discharge of a clear legal duty by the defendant."Smith v. Wagner, 234 Mich. 428.
"It is true that the Constitution has given this court a general superintending control over all inferior courts, but in the exercise of this jurisdiction it has never been claimed that this court can substitute its discretion for that of the inferior tribunal, and compel it to exercise and enforce our discretion, and not theirs. * * *
"The exercise of an honest judgment, however erroneous it may be, is not an abuse of discretion." Detroit Tug Wrecking Co.
v. Wayne Circuit Judge, 75 Mich. 360, 371, 379.
"To warrant such interference, the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say that there was no justification or excuse for the ruling made." Cooper v. Carr,161 Mich. 405, 412.
"While it is the duty of this court to independently consider the record and pass upon errors assigned, that urged here peculiarly involves an exercise *Page 207 
of judgment upon facts by the trial court in a discretionary matter, to disturb which it should affirmatively appear to the appellate court from the record that there was a palpable abuse of discretion, beyond excuse or reasonable justification."Nosa v. Railway Co., 196 Mich. 104, 113, 114.
The record clearly discloses that the bond of the executrix at the time these orders were made was insufficient. On the attention of the defendant being called to it, it was his duty to require an additional bond in such sum as would protect the estate against loss. In doing so, he but complied with the requirement of the statute, and there was no exercise of discretion on his part. And when he determined that an additional bond was necessary, it then became his duty to fix the amount thereof. In doing so, he took into consideration the assets of the estate which had been undisposed of as disclosed by the records in his office. He had no personal knowledge of their value. In accepting the estimate of values of the attorney, and fixing the bond therefrom, it may be said that he exercised a judicial discretion as that term is used in the decisions. It does not appear that he was in any way influenced by self-interest, caprice, partiality or prejudice. His testimony clearly shows that he was performing a duty imposed on him by the statute, and that he fixed the amount of the additional bond to be given at what he determined to be reasonable from the records and files in his court and the information given him as to values. On the record here presented, the trial court was no doubt justified in finding that it was in excess of that required to reasonably protect the estate, but that excess cannot, in our opinion, be said to be so great as to warrant a holding that he abused his discretion in the order made. Under the order of the circuit court he would be compelled to reduce *Page 208 
it. But in what amount? A similar claim might be made as to any subsequent order, as counsel differ so greatly in the value of the securities held by the estate.
In view of the apparent purpose of the statute denying an appeal, we are impressed, on the facts presented, that the order of the trial court was not justified. It will be set aside and the cause remanded to the probate court for further proceedings under his order appointing an administrator debonis non. Defendant will have costs of both courts.
POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NELSON SHARPE, C.J. WIEST, J., concurred in the result.