MARSHALL v PECH

Docket Nos. 78-3723, 78-3967. Submitted November 6, 1979, at Detroit.—Decided February 20, 1980. Leave to appeal applied for.

Edward Marshall and Aida Pech were involved in an automobile accident. Marshall sued Pech for negligence in district court. Defendant argued that the property damage provisions of the no-fault act precluded plaintiff's suit. The district court, in a small claims hearing, rejected this defense and awarded plaintiff $125 plus costs. On June 6, 1978, defendant appealed to circuit court. On June 8, 1978, the Supreme Court upheld the no-fault act's abolition of tort liability with respect to property damage arising from the ownership, maintenance or use of a motor vehicle. In circuit court defendant contended that she was entitled to relief, either by appeal or by superintending control, because the district court judge had failed to apply the substantive law of Michigan. Wayne Circuit Court, Richard D. Dunn, J., held that defendant was entitled to neither appellate relief nor to superintending control. Defendant appeals by right the circuit court's denial of her petition for a writ of superintending control. She also appeals, by leave granted, the circuit court's dismissal of her claim of appeal from the small claims division of the district court. The cases have been consolidated on appeal. *Held:*

1. A person commencing an action or a defendant who remains and tries the case in the small claims division shall be considered to have waived any right of appeal. An affidavit containing a statement that plaintiff understands that he or she has waived this right to appeal should be filed with the court. In small claims proceedings no verbatim record is made. Defendant's appellate assertion that she never waived her rights as required by statute cannot be verified. The fact that

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 20 Am Jur 2d, Courts § 31.
[2] 20 Am Jur 2d, Courts § 26.
   47 Am Jur 2d, Jury §§ 41, 62.
[3, 4] 20 Am Jur 2d, Courts §§ 91, 111 *et seq.*
[4, 5] 4 Am Jur 2d, Appeal and Error § 309 *et seq.*
[5] 4 Am Jur 2d, Appeal and Error § 18.

defendant remained until judgment was rendered lends credence to the conclusion that she waived her right to appeal the small claims verdict. The circuit court properly rejected defendant's request for appellate review of the district court decision.

2. A petition for a writ of superintending control is the appropriate avenue to pursue correction of serious errors of law when the petitioning party does not have an adequate remedy by appeal. The grant or denial of a petition for an order of superintending control is within the sound discretion of the court. Absent an abuse of discretion the decision of the court will not be disturbed on appeal. The judge conducting the small claims hearing made no formal written findings but did write a letter to counsel wherein he stated that the relevant section of the no-fault act was unconstitutional. At the time the district court judge made his decision, a party could sue for property damage incurred in a motor vehicle accident. The decision was a correct application of the substantive law as it existed at that time.

Affirmed.

1. COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — RIGHT OF APPEAL — WAIVER — AFFIDAVITS — STATUTES.

A person commencing an action or a defendant who remains and tries the case in the small claims division shall be considered to have waived any right of appeal; a statute requires that an affidavit be filed containing a statement that plaintiff understands that he or she has waived this right (MCL 600.8402, 600.8412; MSA 27A.8402, 27A.8412).

2. COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — JURY — VERBATIM RECORD — STATUTES.

There shall be no jury nor shall a verbatim record of the proceedings be made in small claims proceedings (MCL 600.8411; MSA 27A.8411).

3. COURTS — CIRCUIT COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — APPELLATE JURISDICTION — LEGISLATURE — RIGHT OF APPEAL — WAIVER — CONSTITUTIONAL LAW — STATUTES.

The constitution provides that circuit courts shall have appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; therefore, because the constitution clearly authorizes legislative curtailment of the appellate authority of the circuit court the task of conferring appellate jurisdiction over the small claims division is one within the exclusive province of the Legislature and a statute which provides that a person commencing an action or a defendant

who remains and tries the case in the small claims division shall be considered to have waived the right of appeal is controlling (Const 1963, art 6, § 13, MCL 600.8412; MSA 27A.8412).

4. COURTS — CIRCUIT COURTS — SUPERINTENDING CONTROL — APPEAL AND ERROR — CONSTITUTIONAL LAW.

Circuit courts have supervisory and general control over inferior courts and tribunals within their respective jurisdictions; therefore, a petition for a writ of superintending control is the appropriate avenue to pursue correction of serious errors of law where the petitioning party does not have an adequate remedy by appeal (Const 1963, art 6, § 13).

5. COURTS — SUPERINTENDING CONTROL — JUDGE'S DISCRETION — APPEAL AND ERROR.

The grant or denial of a petition for an order of superintending control is within the sound discretion of the court and, absent an abuse of discretion, the denial of a request for a writ of superintending control will not be disturbed on appeal.

*Sheldon M. Meizlish,* for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and W. VAN VALKENBURG,* JJ.

W. VAN VALKENBURG, J. Defendant, Aida Pech, appeals by right the circuit court's denial of her petition for a writ of superintending control. She also appeals, by leave granted, the circuit court's dismissal of her claim of appeal from the small claims division of the district court. The cases were consolidated by this Court.

On June 1, 1978, the judge of the small claims division of the 24th Judicial District awarded to plaintiff Edward Marshall $125 (plus $13.50 in costs). Plaintiff's small claims petition arose out of an automobile accident. In the small claims court, defendant argued that the property damage provisions of the no-fault act precluded plaintiff's suit.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The small claims judge rejected this defense and awarded money damages to plaintiff. In a June 9, 1978, letter to defendant's counsel, the district judge who had presided at the small claims hearing responded to defendant's defense by noting his opinion that the relevant provisions of the no-fault act were unconstitutional.

In circuit court, defendant based her claim on appeal and her petition for a writ of superintending control on the Supreme Court's June 8, 1978, decision in *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *reh den* 403 Mich 958 (1978). In that case the Supreme Court upheld the no-fault act's abolition of tort liability with respect to property damage arising from the ownership, maintenance or use of a motor vehicle. MCL 500.3135(2); MSA 24.13135(2). In circuit court, defendant argued that she was entitled to relief, either by appeal or by superintending control, because the small claims judge had failed to apply the substantive law of Michigan. MCL 600.8411; MSA 27A.8411.

The circuit court held that defendant was entitled to neither appellate nor supervisory relief. The court based its decision on MCL 600.8412; MSA 27A.8412:

"*A* person commencing an action or *defendant who remains and tries the case in the small claims division shall be considered to have waived* the right to counsel, the right to trial by jury, the right to recover more than $600.00, and *any right of appeal.* The affidavit prescribed in section 8402 [MCL 600.8402; MSA 27A.8402] shall contain a statement that the plaintiff understands that he or she has waived these rights." (Emphasis added.)

Chapter 84 of the Revised Judicature Act, MCL

600.8401 *et seq.;* MSA 27A.8401 *et seq.,* which sets forth the framework of the small claims division of the district court, furnishes a convenient and economical means of settling disputes where small sums are involved.[1] The sole object of small claims hearings is "to dispense expeditious justice between the parties". MCL 600.8411. Use of this court is entirely voluntary. Each party has a statutory right to "demand and remove the case to the district court". MCL 600.8408(2); MSA 27A.8408(2). Before trial, the parties are told of the right to removal and of the rights which are waived if they choose to remain in the small claims division. *Id.,* MCL 600.8412. Litigants must realize, therefore, that when they accept the jurisdiction of this division of the district court, they bear the risk of receiving an unfavorable verdict.

By statute, no verbatim record of small claims proceedings is made. MCL 600.8411. Defendant's appellate assertion that she never waived her rights as required by statute can, therefore, not be verified. The fact that she remained until judgment was rendered lends credence to the conclusion that she waived the rights enumerated in MCL 600.8412. These rights included the right to appeal the small claims verdict.

The constitution clearly authorizes legislative curtailment of the appellate authority of the circuit court: "The circuit court shall have * * * appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law". Const 1963, art 6, § 13.

In our view, the circuit court properly rejected defendant's request for appellate review of the small claims court decision. The philosophy under-

---

[1] See Domanski's *Small Claims Courts: An Overview and Recommendation,* 9 Mich J L Reform 590 (1976).

lying establishment of the small claims division and the clarity of the relevant constitutional and statutory provisions lead inevitably to this conclusion. In our view, the task of conferring appellate jurisdiction over the small claims division is one within the exclusive province of the Legislature.[2]

Counsel for defendant nevertheless argues that the district judge who presided at the small claims hearing failed to apply the substantive law of this state and that relief should have been available by means of a writ of superintending control. From a practical standpoint, such relief would normally be difficult to render since no record is made of small claims hearings. In this case the judge made no formal written findings but did write a letter to counsel wherein he stated that the relevant section of the no-fault act was unconstitutional.

Const 1963, art 6, § 13, states in pertinent part:

"The circuit court shall have * * * supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with the rules of the Supreme Court."

This constitutional provision sets forth clearly and distinctly that circuit courts are authorized to supervise and control inferior courts. Because this supervisory authority is set forth in the constitution, the Legislature cannot impair or limit it. *In re Brant's Estate,* 269 Mich 201, 205; 256 NW 855 (1934). A petition for a writ of superintending control is the appropriate avenue to pursue correction of serious errors of law when the petitioning party does not have an adequate remedy by appeal. *Moore v Ninth District Judge,* 69 Mich App 16; 244 NW2d 346 (1976).

---

[2] In most jurisdictions, there is a right to appeal small claims court judgments. See 9 Mich J L Reform, *supra,* at 612, fn 175.

However, we hasten to add that the grant or denial of a petition for an order of superintending control is within the sound discretion of the court. Absent an abuse of discretion, the denial of a request for a writ of superintending control will not be disturbed. *People ex rel Ingham County Prosecutor v East Lansing Municipal Judge,* 42 Mich App 32, 36; 201 NW2d 318 (1972).

The property damage provision of the no-fault act was discussed by this Court in *Shavers v Attorney General,* 65 Mich App 355, 368-372; 237 NW2d 325 (1975). This Court held unconstitutional the no-fault act's property damage protection scheme. That ruling was binding on lower courts from November 5, 1975, to June 8, 1978, when it was reversed by the Supreme Court. Therefore, at the time the decision was made in this case in the small claims division—*i.e.,* June 1, 1978—a party could sue for property damage incurred in a motor vehicle accident. Accordingly, the decision was a correct application of the substantive law as it existed at that time. Although the circuit court failed to exercise its discretion, we are of the opinion that, under the circumstances, no useful purpose would be served by ordering a remand.[3]

---

[3] In addition to her reliance on the Supreme Court's *Shavers* decision, defendant argues that the small claims court is an inappropriate tribunal for the determination of the constitutionality of state statutes.

It is firmly established, however, that the courts have inherent authority to determine whether statutes are constitutional. *Marbury v Madison,* 5 US (1 Cranch) 137; 2 L Ed 60 (1803), 16 Am Jur 2d, Constitutional Law, § 101 *et seq.,* p 439 *et seq.* Courts of less than the highest rank do not lack power to rule on the constitutionality of legislation. *People v Haggerty,* 27 Mich App 594, 596; 183 NW2d 862 (1970), *Lent v Tillson,* 140 US 316; 11 S Ct 825; 35 L Ed 419, 426 (1890), 16 Am Jur 2d, Constitutional Law, § 110, p 457. As a public officer, a district judge is bound by his oath of office to support the constitution. Const 1963, art 11, § 1; MCL 168.467j; MSA 6.1467(10). We, therefore, reject defendant's argument that the district judge sitting as judge of the small claims division exceeded his authority in this regard.

Dismissal of defendant's claim of appeal from the small claims division of district court and denial of her petition for a writ of superintending control are affirmed. No costs, interpretation of a statute being involved.