SCHOMAKER v ARMOUR, INC

Docket No. 174331. Submitted April 3, 1996, at Lansing. Decided June 14, 1996, at 9:15 A.M.

Armour, Inc., brought an action in the small claims division of the 54B District Court against Richard Schomaker, alleging breach of contract. The district court judge entered a judgment for Armour and thereafter denied Schomaker's motion for a new trial, relief from the judgment, or modification of the judgment. Schomaker then filed a complaint in the Ingham Circuit Court, seeking a writ of superintending control and alleging that the district court judge made substantive errors of law and failed to perform a clear legal duty to apply properly the substantive law. The court, Lawrence M. Glazer, J., granted Armour's motion for summary disposition. Schomaker appealed.

The Court of Appeals *held*:

Schomaker chose not to have the small claims matter removed to the general civil division of the district court. He also expressly acknowledged in a waiver of rights form that he was forgoing his right of appeal by having the dispute heard in the small claims court. Schomaker does not have a right to appeal the adverse small claims judgment. Although a complaint for superintending control is characterized as a separate civil action, such a complaint will not be treated as an independent action where, as here, it is used solely to circumvent valid limitations of a party's right of appeal. A writ of superintending control may not be issued under the facts of this case.

Affirmed.

1. COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — APPEAL.

Use of the small claims division of the district court is entirely voluntary and a party who is dissatisfied with the limitations of the small claims division is free to have the matter removed before trial to the general civil division of the district court; one who submits to the jurisdiction of the small claims court and has the matter heard by a district court judge has no right to appeal the judgment of the small claims court (MCL 600.8408[4], 600.8412, 600.8427; MSA 27A.8408[4], 27A.8412, 27A.8427).

2. Superintending Control — Actions — Appeal.

    Although a complaint for superintending control is characterized as a separate civil action, such a complaint will not be treated as an independent action where it is used solely to circumvent valid limitations of a party's right of appeal; whether an order of superintending control should be issued depends upon the circumstances in each case.

Richard Schomaker, in propria persona.

Before: O'Connell, P.J., and Hood and C.L. Horn,* JJ.

O'Connell, P.J. The present appeal from the circuit court's determination that a writ of superintending control may not be issued is predicated on a prior action brought in the small claims division of the district court. In that action, Armour, Inc., brought suit against Richard Schomaker, alleging breach of contract. Armour prevailed on the merits, and a judgment was entered for Armour. Schomaker was unhappy with the judgment and brought a motion for a new trial, relief from judgment, or modification of judgment, which motion was denied.

Because a party appearing in small claims court waives the right of appeal, Schomaker had no *direct* appellate recourse following the denial of his postjudgment motion. He therefore brought this independent action in the circuit court, seeking a writ of superintending control. Schomaker (hereinafter plaintiff) alleged that the district court judge who had heard the small claims action had made substantive errors of law in arriving at his verdict, and, accordingly, plaintiff requested the circuit court to utilize its extraordinary power of superintending control to rec-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tify those errors. This action was, in effect, an *indirect* appeal. Armour (hereinafter defendant) promptly moved for summary disposition, which motion was granted by the circuit court. Plaintiff now appeals as of right. We affirm.

The Legislature created the small claims division of the district court to furnish "a convenient and economical means of settling disputes where small sums are involved. The sole object of small claims hearings is 'to dispense expeditious justice between the parties.' MCL 600.8411 [MSA 27A.8411]." *Marshall v Pech*, 95 Mich App 454, 458; 291 NW2d 78 (1980). To this end, small claims trials are conducted "in an informal manner so as to do substantial justice between the parties according to the rules of substantive law." MCL 600.8411(2); MSA 27A.8411(2). While witnesses may testify, "the statutory provisions or rules of practice, procedure, pleading, or evidence" are, in general, suspended. *Id.* Parties may not be represented by an attorney. MCL 600.8408(1); MSA 27A.8408(1). There is no jury and no right of appeal.[1] MCL 600.8412; MSA 27A.8412.

As stated in *Marshall, supra,* p 458, "[u]se of this court is entirely voluntary." A party dissatisfied with the limitations of the small claims division is free to have the matter removed before trial to the general civil division of the district court. MCL 600.8408(4);

---

[1] A right of appeal does exist where a small claims action is heard by a magistrate, rather than a district court judge. MCL 600.8427; MSA 27A.8427. In this situation, either party may appeal the decision of the magistrate to the small claims division of the district court, where the matter will be tried de novo by a district court judge. *Id.* Because the instant case was heard by a district court judge rather than a magistrate, the present matter falls within the general rule that a party has no right to appeal a judgment entered in a small claims action.

MSA 27A.8408(4). Once a matter has been removed to the district court, the rules of evidence obtain, and the right to a jury and to appeal are retained. Thus, one subjecting himself to the jurisdiction of the small claims court does so voluntarily.

In the present case, plaintiff voluntarily submitted to the jurisdiction of the small claims court and, accordingly, had no right to appeal the judgment of the small claims court. Plaintiff chose not to exercise his right to have the matter removed to the general civil division of the district court. Moreover, plaintiff expressly acknowledged in a waiver of rights form that he was forgoing his right of appeal by having the dispute heard in the small claims court. Therefore, it is beyond question that plaintiff had no right to appeal the adverse small claims judgment.

Plaintiff has not appealed directly that judgment, but has instead attempted to effect an indirect appeal by filing a complaint for superintending control. As set forth in *In re People v Burton*, 429 Mich 133, 140; 413 NW2d 413 (1987), superseded by statute on other grounds as stated in *People v Reed*, 198 Mich App 639, 643; 499 NW2d 441 (1993), aff'd 449 Mich 375; 535 NW2d 496 (1995), "a complaint for superintending control is characterized as a separate civil action." To quote at length from *People v Flint Municipal Judge*, 383 Mich 429, 432; 175 NW2d 750 (1970):

> The superintending court does not substitute its judgment or discretion for that of the magistrate; neither does it act directly in the premises. Rather it examines the record made before the magistrate to determine whether there was such an abuse of discretion as would amount to a failure to perform a clear legal duty; and in such case, the superintending court orders the magistrate to perform his duty.

> The process is not, properly speaking, an appeal. It is rather a whole new lawsuit, with different parties and different purposes.

Here, plaintiff contends that the small claims court "failed to perform its clear legal duty," *Flint Municipal Judge, supra,* to apply the substantive law. While many of the rules of evidence and procedure are inapplicable in the small claims court, the court is nevertheless bound to apply the substantive law of Michigan. MCL 600.8411(2); MSA 27A.8411(2). As characterized by plaintiff in his brief on appeal, "[w]ere the rule otherwise, the Small Claims Division would operate much like television's 'People's Court,' where Judge Joseph Wapner consistently made up the law to suit his whim and for good dramatic or theatrical effect." Plaintiff submits that where a small claims judge fails to perform his legally mandated duty to apply the substantive law, the proper remedy is a writ of superintending control. Because such an action is not an appeal but is an independent action, plaintiff argues, his waiver of his right of appeal does not waive his right to seek a writ of superintending control.

Although it is something of a surprise to this Court, there is precedent supporting plaintiff's position. In *Marshall, supra,* a party disgruntled with a judgment entered in the small claims court filed a complaint in the circuit court seeking a writ of superintending control. The party argued that the small claims judge had misapplied the substantive law of Michigan, and, because of this, "relief should have been available by means of a writ of superintending control." *Id. p* 459. This Court countenanced this method of indirect

appeal and proceeded to address the party's argument on its merits.

While the panel in *Marshall* ultimately concluded that the small claims judge had, in fact, applied the correct substantive law, the disposition of *Marshall* does not vitiate plaintiff's argument. As plaintiff correctly notes, this Court, by addressing the party's argument in *Marshall*, implicitly endorsed the very approach taken by plaintiff–the filing of a complaint for superintending control where the small claims judge is alleged to have erroneously applied the law.

Nevertheless, we decline to follow *Marshall*. This Court is not bound by the panel's decision in *Marshall*. See Administrative Order No. 1996-4. In light of the Supreme Court's subsequent decision in *Burton, supra,* we conclude that the reasoning of *Marshall* has been implicitly overruled.

The *Marshall* decision rested on the correct assumption that a complaint for superintending control is *generally* regarded as an independent action. Because such a complaint is considered an independent action, the statute barring the appeal of a small claims judgment, it was implicitly held, did not apply to the action seeking a writ of superintending control. Therefore, the *Marshall* panel proceeded to address the merits of the party's complaint seeking superintending control.

However, in *Burton, supra,* p 140, our Supreme Court held that "[a]lthough a complaint for superintending control is characterized as a separate civil action," such a complaint will not be treated as an independent action where it is used solely to circumvent valid limitations of a party's right of appeal. In *Burton*, the circuit court granted a criminal defend-

ant's motion for a new trial following a key witness' recanting of her testimony. At that time, the prosecution had no authority to appeal an order granting a new trial, though that restriction has since been eased. See *Reed, supra.* Therefore, having no right to direct appellate review, the prosecution instead sought a writ of superintending control. This Court heard the prosecution's argument pursuant to MCR 3.302(D)(2) and granted the writ, reversing the order granting the defendant's motion for a new trial.

In *Burton,* the Supreme Court reversed this Court's decision to issue the writ of superintending control. In concluding that a writ of superintending control would not lie, the Supreme Court looked to the policies underlying the original action—a criminal prosecution and the limitations imposed on the prosecution's right to appeal. The Court examined at length the policy justifications meriting strict limitation of the prosecution's right to appeal. While cognizant of the fact that a complaint for superintending control is distinct from the action on which it is predicated, the Court nonetheless reasoned that a writ of superintending control was not warranted because the policy considerations restricting the prosecution's right of direct appeal applied with equal force in the context of the prosecution's attempt to effect an indirect appeal. The Court "reject[ed] the suggestion that where an appeal is unavailable, an order of superintending control is always available," instead stating that "[w]hether an order of superintending control should issue depends upon the circumstances in the specific case." *Burton, supra,* p 142. Because the prosecution's right of direct appeal was sharply limited, the Court concluded that the prosecution's right

of indirect appeal (through an action seeking an order of superintending control) should be considered with this in mind. Under the facts of that case, the Court reasoned that such an order was not warranted.

In the present case, we conclude, in accordance with *Burton*, that a writ of superintending control is not warranted. The goal of the small claims division of the district court is to effect expeditious justice. MCL 600.8411(2); MSA 27A.8411(2); *Marshall, supra,* p 458. To further this end, the rules of pleading, procedure, and evidence are relaxed, MCL 600.8411(2); MSA 27A.8411(2), and the right of appeal is waived. MCL 600.8412; MSA 27A.8412. Plaintiff knowingly and voluntarily agreed to submit to the jurisdiction of the small claims court. He expressly acknowledged that he was waiving his right to appeal. Given the policy considerations underlying the small claims court and plaintiff's voluntary accession to its jurisdiction, we conclude that to allow plaintiff to seek a writ of superintending control would undermine the very purpose of the court, just as the Court concluded in *Burton* that to allow the prosecution to obtain a writ of superintending control would defeat the limitations on the prosecution's right to appeal in a criminal case. Accordingly, we agree with the circuit court that a writ of superintending control may not be issued under the present facts.

Because of our conclusion, we do not reach the merits of plaintiff's contention that the small claims court made errors of substantive law in arriving at its verdict. However, we would note that a "Wapner-esque" verdict is the risk a party takes when having his case heard in the small claims court. A party exchanges the right to appeal an erroneous ruling,

among other rights, for the speed, informality, and decreased cost of the small claims court. It is presumed that each party has weighed the benefits of the small claims court against its disadvantages. With respect to errors of law, we presume that such errors will occur in the small claims court because they occur in every other court. However, given the goals of the small claims division of the district court and the fact that every party appearing in that court has expressly agreed to its limitations, we do not hesitate to state that in regard to appeals from the small claims court, the district judge is the Supreme Court of the small claims division.

Affirmed.