THE CADLE COMPANY v CITY OF KENTWOOD

Docket No. 279430. Submitted December 3, 2008, at Lansing. Decided
    July 30, 2009, at 9:10 a.m.
        The Cadle Company, Roswell Properties, LLC, Ltd, and New Falls
    Corporation brought an action in the Kent Circuit Court against
    the city of Kentwood, the 68B District Court, and a judge of that
    district court, seeking a writ of superintending control compelling
    the defendants to process small claims judgments obtained by the
    plaintiffs by assignment. The circuit court, James R. Redford, J.,
    granted summary disposition for the defendants and dismissed the
    complaint, ruling that MCL 600.8407(1) precludes the assignment
    of small claims judgments, that the plaintiffs lacked standing to
    challenge the constitutionality of MCL 600.8407(1), and that the
    plaintiffs had waived their rights to challenge the validity of MCL
    600.8407(1). The plaintiffs appealed.
        The Court of Appeals *held*:
        1. MCL 600.8407(1) provides that a claim shall not be filed or
    prosecuted in the small claims division by an assignee of a claim or
    by a third-party beneficiary under a third-party beneficiary con-
    tract. In *In re Goehring*, 184 Mich App 360 (1990), the Court of
    Appeals decided that the term "prosecution," as used in MCL
    600.8408(1), which prohibits attorneys from prosecuting small
    claims actions in a representative capacity, applies to all stages of
    small claims proceedings, including postjudgment proceedings. In
    light of *Goehring*, MCL 600.8407(1) must be construed to prohibit
    assignees from participating in all stages of small claims proceed-
    ings, including postjudgment proceedings, and to bar the assign-
    ment of small claims judgments.
        2. The plaintiffs have standing to challenge the constitution-
    ality of MCL 600.8407(1). They would have an injury in fact if they
    are not permitted to pursue postjudgment enforcement actions
    and collect on the small claims judgments they obtained by
    assignment, there would be a causal connection between the
    defendants' actions and the plaintiffs' injury, and the plaintiffs'
    injury would be redressed by a favorable decision by the Court of
    Appeals.
        3. The defendants failed to demonstrate that the plaintiffs had

knowingly and intentionally waived the right to challenge the constitutionality of MCL 600.8407(1).

4. MCL 600.8407(1) is constitutional. It is rationally related to the legitimate governmental interest of promoting the efficient and inexpensive resolution of small claims, is not vague inasmuch as it provides fair notice of the conduct it regulates, and does not interfere with the plaintiffs' property rights or liberty to enter into contracts.

Affirmed.

JUDGMENTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — ASSIGNMENTS OF SMALL CLAIMS JUDGMENTS.

An assignee of a small claims judgment is statutorily barred from prosecuting a claim in the small claims division of district court at all stages of small claims proceedings, including postjudgment collection proceedings (MCL 600.8407[1]).

*Steven E. Bratschie & Associates, P.C.* (by *Scott Mancinelli* and *Daniel J. Gunn*), for the plaintiffs.

*Law, Weathers & Richardson, P.C.* (by *Michael J. Roth* and *Les Morant*), for the defendants.

Before: SAAD, C.J., and FITZGERALD and BECKERING, JJ.

PER CURIAM. Plaintiffs appeal as of right the circuit court's June 27, 2007, order granting summary disposition in favor of defendants (collectively referred to as "the district court"), ruling that MCL 600.8407(1) and *In re Goehring*, 184 Mich App 360; 457 NW2d 375 (1990), preclude assignees from participating in all stages of prosecution in a small claims case, including postjudgment proceedings. We affirm.

### I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs, Ohio corporations or limited liability companies, are factoring and financing companies that purchase large packages of individual notes and judgments from banks. According to plaintiffs, banks sell

nonperforming loans in large packages worth millions of dollars because the banks do not have the time or expertise to process them. In this case, plaintiffs paid Fifth Third Bank valuable consideration for numerous small claims court judgments. In order to obtain writs, garnishments, and executions against property in connection with these judgments, plaintiffs had to file the assignments of these claims with the appropriate district court.[1] Plaintiffs submitted to the district court four assignments of small claims judgments, but the district court refused to process them.

Plaintiffs filed a complaint in the circuit court seeking a writ of superintending control under MCR 3.302 compelling the district court to process the assignments. Plaintiffs requested that the circuit court determine whether MCL 600.8407(1) and *Goehring* were applicable to the assignment of small claims judgments and, if so, that the court declare MCL 600.8407(1) unconstitutional on the grounds that it is vague and ambiguous, not rationally related to a legitimate governmental interest, deprives plaintiffs of their liberty to contract and property rights without due process of law, and amounts to a taking without just compensation. MCL 600.8407(1) is in chapter 84 of the Revised Judicature Act (RJA), MCL 600.101 *et seq.*, and provides that "[a] claim shall not be filed or prosecuted in the small claims division by an assignee of a claim or by a third party beneficiary under a third party beneficiary contract."

The district court filed a motion to dismiss pursuant to MCR 3.302, for summary disposition pursuant to MCR 2.116(C)(8) and (10), and for sanctions pursuant to MCR 2.114. The district court argued that in *Goehring, supra* at 364, this Court interpreted the term "prosecution," as

---

[1] "A small claims division is created in each district as a division of the district court." MCL 600.8401.

used in MCL 600.8408(1),[2] and concluded that the term was not restricted to any stage of the proceedings. Therefore, when a party elects to proceed in the small claims division, it voluntarily surrenders its right to counsel at all stages of the proceedings, including postjudgment proceedings. *Goehring, supra* at 365. According to the district court's argument, MCL 600.8407(1) likewise prohibits the assignment of claims during prosecution, including postjudgment proceedings. The district court maintained that plaintiffs' right to challenge MCL 600.8407(1) was waived when Fifth Third Bank elected to proceed in the small claims division, and that regardless of the waiver, the statute is constitutional.

In opposing the motion, plaintiffs sought to distinguish *Goehring* from the instant case because *Goehring* did not address MCL 600.8407(1), or whether assignees may collect judgments for their own benefit, without the assistance of counsel. Plaintiffs considered the prosecution of small claims to be completed once judgments were entered, and asserted that they were merely attempting to collect the judgments. Plaintiffs further claimed that they did not waive their constitutional challenge of the applicable statute because they had no notice that assignment would be prohibited, and allowing assignment of judgments was consistent with the purpose of the statutory scheme for the small claims division: to promote the efficient and inexpensive resolution of small claims.

---

[2] MCL 600.8408(1) provides:

> An attorney at law, except on the attorney's own behalf, a collection agency or agent or employee of a collection agency, or a person other than the plaintiff and defendant, except as is otherwise provided in this chapter, shall not take part in the filing, prosecution, or defense of litigation in the small claims division.

The circuit court opined that in light of this Court's interpretation of the term "prosecution" in MCL 600.8408(1), as analyzed in *Goehring*, the term "prosecuted" in MCL 600.8407(1) should be interpreted in the same manner. Thus, the circuit court concluded that assignees are precluded from being involved in all stages of small claims court proceedings, including postjudgment proceedings. The circuit court reasoned that the specification in MCL 600.8408(2),[3] requiring a person with direct knowledge to pursue a small claim, indicated the Legislature's intent to "keep these things short, to the point, sweet, and finite." The circuit court noted that in electing to pursue a claim in the small claims division, the parties waived certain rights, as set forth in MCL 600.8412.[4] Fifth Third Bank elected its remedy and waived its ability to assign.

---

[3] MCL 600.8408(2) provides:

A sole proprietorship, partnership, or corporation as plaintiff or defendant may be represented by an officer or employee who has direct and personal knowledge of facts in dispute. If the officer or employee who has direct and personal knowledge of facts in dispute is no longer employed by the defendant or plaintiff or is medically unavailable, the representation may be made by that person's supervisor, or by the sole proprietor, a partner, or an officer or a member of the board of directors of a corporation.

[4] MCL 600.8412 provides:

Unless a party removes a small claims action to the district court pursuant to [MCL 600.8408(4)], all parties to an action in the small claims division shall be considered to have waived the right to counsel, the right to trial by jury, the right to recover more than the applicable jurisdictional amount as prescribed by [MCL 600.8401], and any right of appeal, except that if the action is heard before a district court magistrate pursuant to [MCL 600.8427], the parties have a right to an appeal to the small claims division of the district court as provided by [MCL 600.8427]. The affidavit prescribed in [MCL 600.8402] shall contain a statement that the plaintiff understands that he or she has waived these rights.

With respect to plaintiffs' constitutional challenge of MCL 600.8407(1), the circuit court held that the statute was a reasonable provision rationally related to the economic administration of the civil justice system where there are small claims, that it was not vague, ambiguous, or arbitrary, and that it did not cause a taking of private property without just compensation because the law was in effect long before plaintiffs purchased the judgments and parties are presumed to know the law. The circuit court further ruled that plaintiffs did not have standing pursuant to MCL 600.8408, that the judgment could not be assigned pursuant to MCL 600.8407(1), and that when the case was submitted to the small claims division, the parties waived any other requirements or difficulties pursuant to MCL 600.8412. The circuit court granted the district court's motions to dismiss and for summary disposition,[5] but denied its request for sanctions. The circuit court stated that it could not reasonably conclude that plaintiffs' claims were frivolous in light of the fact that other district courts permitted the assignment of small claims in similar circumstances.[6] This appeal followed.

## II. ASSIGNMENT OF SMALL CLAIMS JUDGMENTS

Plaintiffs first argue that the trial court erred by determining that MCL 600.8407(1) and *Goehring* pre-

---

[5] The circuit court's June 27, 2007, order grants the district court's motion to dismiss pursuant to MCR 3.302 and motion for summary disposition pursuant to MCR 2.116(C)(10); it makes no mention of MCR 2.116(C)(8).

[6] Plaintiffs have followed the same procedure in other district courts in Michigan and contend that their requests to file assignments of small claims judgments have been routinely granted. In preparing for this case, plaintiffs surveyed all the other district courts in Michigan, inquiring whether they would accept and file assignments of small claims judgments. According to plaintiffs, 15 of the district courts that responded indicated that they accept and process assignments of small claims judgments.

clude the assignment of small claims judgments. Plaintiffs contend that MCL 600.8407(1) does not expressly prohibit assignees from pursuing collections on small claims judgments. Rather, it merely bars an assignee from filing or prosecuting a small claims action before obtaining a judgment. According to plaintiffs, a distinction between prejudgment and postjudgment actions is acknowledged in MCR 4.301, which addresses the applicability of other court rules after judgment. Plaintiffs further contend that this Court's interpretation of the word "prosecution" in MCL 600.8408(1), as addressed in *Goehring*, does not apply to the term "prosecuted" in MCL 600.8407(1) and, alternatively, that *Goehring* was wrongly decided. We disagree.

### A. STANDARD OF REVIEW

"The grant or denial of a petition for superintending control is within the sound discretion of the court. Absent an abuse of discretion, this Court will not disturb the denial of a request for an order of superintending control." *Goehring, supra* at 366. A court does not abuse its discretion in refusing to grant a writ of superintending control where the party seeking the writ fails to establish grounds for granting a writ. *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 347; 675 NW2d 271 (2003). "For superintending control to lie, the petitioners must establish that the respondents have failed to perform a clear legal duty *and* the absence of an adequate legal remedy." *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 134; 503 NW2d 885 (1993) (emphasis in original).

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v*

*Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When ruling on a motion brought under MCR 2.116(C)(10), the court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion. *Reed v Breton*, 475 Mich 531, 537; 718 NW2d 770 (2006); MCR 2.116(G)(6). Summary disposition is appropriate only when the evidence fails to establish a genuine issue regarding any material fact. *Id.* The interpretation of a statute is a question of law that we review de novo. *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006).

### B. ANALYSIS

This case presents an issue of first impression with respect to the interpretation of MCL 600.8407(1) and whether its prohibition against assignees filing or prosecuting claims in the small claims division includes postjudgment proceedings. As previously stated, MCL 600.8407(1) provides that "[a] claim shall not be filed or prosecuted in the small claims division by an assignee of a claim or by a third party beneficiary under a third party beneficiary contract." The parties dispute the meaning of the term "prosecuted" as used in the statute.

> The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The first step is to examine the plain language of the statute itself. The Legislature is presumed to have intended the meaning it plainly expressed. If the statutory language is clear and unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed, and further judicial construction is not permitted. [*McElhaney ex rel McElhaney v Harper-Hutzel Hosp*, 269 Mich App 488, 493; 711 NW2d 795 (2006) (citations omitted).]

In *Goehring, supra* at 364, this Court interpreted the meaning of the term "prosecution" as used in MCL 600.8408(1), a different provision of the same act. In that case, the plaintiff wished to have counsel represent him in postjudgment proceedings in connection with a small claims judgment against him. *Goehring, supra* at 362. When the district court noted its disinclination to permit representation by counsel, the plaintiff filed a complaint for a writ of superintending control in the circuit court, asserting that MCL 600.8408(1) and MCL 600.8412 were inapplicable after judgment is entered. *Id.* at 362-363. The circuit court dismissed the complaint. *Id.* at 363.

As previously stated, MCL 600.8408(1) provides:

> An attorney at law, except on the attorney's own behalf, a collection agency or agent or employee of a collection agency, or a person other than the plaintiff and defendant, except as is otherwise provided in this chapter, shall not take part in the filing, prosecution, or defense of litigation in the small claims division.

The *Goehring* Court noted that the terms "prosecution" and "litigation," as set forth in MCL 600.8408(1), were used "without limitation to any stage of the proceedings." *Goehring, supra* at 364. The Court explained that "several sections of Chapter 84 refer to postjudgment collection proceedings within the small claims division, compelling the conclusion that the Legislature intended small claims 'prosecution' and 'litigation' to include postjudgment proceedings." *Id.* The provisions this Court highlighted were MCL 600.8410(2) (enforcement of installment payment judgments); MCL 600.8420(1) (fee for issuance of judgment debtor discovery subpoena); and MCL 600.8421 (taxable costs to include cost of execution upon a judgment). *Id.* The Court noted that the plaintiff "failed to demon-

strate any established usage of the terms 'litigation' or 'prosecution' to exclude postjudgment enforcement proceedings where no new action had been commenced." *Id.* The Court held that the plaintiff in *Goehring* had waived his right to counsel at all stages of the case, including judgment enforcement proceedings, when he "elected not to remove the small claims action to the district court." *Id.* at 365; see also MCL 600.8408(4). Thus, the prohibition on attorney participation in the small claims division, as set forth in MCL 600.8408(1), was also applicable in postjudgment proceedings. *Goehring, supra* at 365.

Pursuant to the Court's holding in *Goehring*, we conclude that the term "prosecuted," as used in MCL 600.8407(1), includes postjudgment proceedings. Identical terms in different provisions of the same act should be construed identically, *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 426 n 16; 565 NW2d 844 (1997),[7] statutory provisions must be read and interpreted as a whole, "and the meaning given to one section [must be] arrived at *after due consideration of other sections* so as to produce, if possible, an harmonious and consistent enactment as a whole," *State Treasurer v Wilson*, 423 Mich 138, 145; 377 NW2d 703 (1985) (emphasis added). Moreover, the language of the statute should be interpreted with regard to the purpose of the act. *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 544; 716 NW2d 598 (2006). As noted by this Court, "Chapter 84 of the [RJA] sets forth the framework for the small claims division of the district court." *Goehring, supra* at

---

[7] See also *People ex rel Simmons v Munising Twp*, 213 Mich 629, 633; 182 NW 118 (1921), which stated, "It is fundamental that adoption of language requires adoption of construction. Identical language should certainly receive identical construction when found in the same act." (Quotation marks and citation omitted.)

363. The small claims division was created by the Legislature in order to provide for the settling of small sums in a convenient and economical fashion. *Schomaker v Armour, Inc*, 217 Mich App 219, 221; 550 NW2d 863 (1996). The rules of evidence, pleading, and procedure are relaxed, and there is no jury, attorney representation, or right to an appeal. *Id.* Restrictions against participation by attorneys,[8] collection agencies, and anyone other than the plaintiff and the defendant, except as otherwise provided in chapter 84, reduce the cost and complexity of litigation for all involved, and place both parties on equal footing. See MCL 600.8408(1) and (2); *Goehring, supra* at 365. Consequently, in light of *Goehring*, and several sections of chapter 84, we hold that MCL 600.8407(1) prohibits assignees from participating in all stages of a case brought in the small claims division, including postjudgment proceedings, thus barring the assignment of small claims judgments.

Plaintiffs argue that our Supreme Court, as demonstrated in MCR 4.301, acknowledges a distinction between prejudgment and postjudgment proceedings in the small claims division. MCR 4.301 provides: "Actions in a small claims division are governed by the procedural provisions of Chapter 84 of the [RJA] . . . and by this subchapter of the rules. After judgment, other applicable Michigan Court Rules govern actions that were brought in a small claims division." According to plaintiffs, the plain language of MCR 4.301 demonstrates that after judgment is obtained in a small claims case, other applicable court rules govern collection proceedings. Plaintiffs contend that because they are not attempting to pursue a claim but instead collect on small claims judgments already rendered, they are

---

[8] An attorney may participate on his or her own behalf if a party to the case. MCL 600.8408(1).

entitled to use all the enforcement mechanisms proce-
durally available for other judgments. This Court re-
jected a similar argument in *Goehring*, explaining that
MCR 4.301 "merely clarifies that postjudgment enforce-
ment procedures available in other cases are also avail-
able in small claims cases." *Id.* at 365. MCR 4.301 did
not restore the plaintiff's right to counsel in postjudg-
ment proceedings. *Id.*

Plaintiffs argue that the *Goehring* Court distin-
guished the right to counsel—a right that one specifi-
cally surrenders before judgment in electing to pursue a
claim in the small claims division under MCL 600.8412
and does not regain after judgment under MCL
600.8408(1)—from postjudgment procedures of en-
forcement that are "available in other cases." *Goehring*,
*supra* at 365. Plaintiffs point out that while MCL
600.8412 specifically states that the right to counsel is
waived, it says nothing regarding the right to assign
judgments and the assignee's right to collect on those
judgments. Fifth Third Bank, as the original owner of
the debts, would be allowed to pursue collection of the
judgments. Thus, plaintiffs claim that they, as assign-
ees, are merely engaging in the same postjudgment
procedures allowed to Fifth Third Bank in attempting
to enforce and collect the assigned judgments.

However, the judgment enforcement procedures re-
ferred to in *Goehring* and MCR 4.301 do not necessarily
encompass assignments as a method of enforcing judg-
ments. Our Supreme Court has defined "assignment"
as " '*to make over or set over to another;* to transfer.' "
*State Treasurer v Abbott*, 468 Mich 143, 150 n 8; 660
NW2d 714 (2003), quoting *Aultman, Miller & Co v
Sloan*, 115 Mich 151, 153; 73 NW 123 (1897) (emphasis
in *Abbott*). Thus, an assignment is not specifically
defined as a postjudgment enforcement procedure. For

example, assignment is not included in MCL 600.8409, the provision under the small claims act governing execution, garnishment, or attachment with respect to the collection and enforcement of small claims judgments. In fact, MCL 600.8409(1) specifically states that "the judgment may be enforced in any other manner provided by law and not prohibited under the provisions of this chapter." This clause can reasonably be interpreted to mean that the prohibition against the involvement of assignees as set forth in MCL 600.8407(1) continues to apply after judgment. For the same reasons the *Goehring* Court rejected the plaintiff's attempt to create a legal distinction between prejudgment and postjudgment proceedings with respect to statutory restrictions placed on claims pursued in the small claims division, we likewise reject plaintiffs' argument in this case. Plaintiffs' dissatisfaction with MCL 600.8407(1) and its preclusion of assignees from involvement in all stages of small claims actions is a matter reserved for the Legislature, not this Court.[9]

For the reasons discussed, we conclude that the circuit court properly granted summary disposition to the district court and did not abuse its discretion in dismissing plaintiffs' complaint for a writ of superintending control because the district court did not fail to perform a clear legal duty. *In re Recorder's Court Bar Ass'n, supra.* Pursuant to this Court's holding in *Goehring, supra* at 364, the term "prosecution" in MCL 600.8408(1) applies in both prejudgment and postjudgment contexts. Therefore, we must conclude that the term "prosecuted" in MCL 600.8407(1), which is part of the same statutory scheme,

---

[9] We also decline to accept the district court's invitation to consider the Legislature's inaction with respect to various proposed legislative amendments as illustrative of the proper interpretation of MCL 600.8407(1). Discerning the Legislature's intentions when considering various amendments of the RJA would be speculative at best and irrelevant.

also applies in both prejudgment and postjudgment contexts. The district court properly refused plaintiffs' efforts, as assignees, to collect on the small claims judgments.

### III. CONSTITUTIONALITY OF MCL 600.8407(1)

Plaintiffs next argue that MCL 600.8407(1) is unconstitutional to the extent that it precludes assignees from pursuing collection on small claims judgments because it is not rationally related to a legitimate state interest, is vague and ambiguous, and deprives plaintiffs of their liberty to contract and property rights without due process of law. We disagree. Defendants contend that the circuit court properly ruled that plaintiffs lacked standing and waived their right to challenge the constitutionality of MCL 600.8407(1) because their predecessor in interest, Fifth Third Bank, elected to pursue the subject claims in the small claims division. We disagree.

#### A. STANDARD OF REVIEW

Whether a party has standing in a legal matter is a question of law that we review de novo. *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280, 291; 737 NW2d 447 (2007). Whether a party has waived its legal rights "is a mixed question of law and fact." *Sweebe v Sweebe*, 474 Mich 151, 154; 712 NW2d 708 (2006). The definition of waiver is a legal issue, and whether the facts of the case amount to a waiver is a question of fact, which is reviewed for clear error. *Id.* Whether a statute is constitutional is a question of law we review de novo. *Phillips v Mirac, Inc*, 470 Mich 415, 422; 685 NW2d 174 (2004).

Plaintiffs have standing to challenge the constitutionality of MCL 600.8407(1) if: (1) they have an "injury in fact" that is concrete and particularized, and actual or imminent; (2) there is a causal connection between their injury and the district court's action; and (3) it is likely, not merely speculative, that plaintiffs' injury will be redressed if this Court renders a favorable decision. *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 628-629; 684 NW2d 800 (2004). Plaintiffs satisfy this three-pronged test. Plaintiffs would suffer an injury in fact if they are not permitted to pursue postjudgment enforcement actions and collect on the small claims judgments they purchased from Fifth Third Bank. The district court's refusal to process their assignments prevents plaintiffs from being able to collect on the judgments, which they own. Therefore, there would be a causal connection between the district court's actions and plaintiffs' injury. Furthermore, if this Court were to grant plaintiffs a writ of superintending control, directing the district court to process the assignments, it would undoubtedly remedy plaintiffs' injury. Thus, plaintiffs have standing. *Id.*

The district court argues that plaintiffs, in "blindly" purchasing the debts from Fifth Third Bank, waived their right to challenge MCL 600.8407(1), because they stepped into the shoes of Fifth Third Bank, thereby inheriting the bank's waiver of its right to assign by electing to utilize the small claims division. Thus, according to the district court, plaintiffs have caused their own injury. However, "[w]aiver is the *intentional* relinquishment of a known right. The usual manner of waiving a right is by acts which indicate an intention to relinquish it, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to

waive." *Book Furniture Co v Chance*, 352 Mich 521, 526-527; 90 NW2d 651 (1958) (citations omitted and emphasis added). A party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). The party asserting the waiver bears the burden of proof. *Burke v City of River Rouge*, 240 Mich 12, 14; 215 NW 18 (1927).

As stated earlier, the determination whether MCL 600.8407(1) precludes the assignment of small claims court judgments is a matter of first impression. Thus, when Fifth Third Bank elected to pursue the underlying claims in the small claims division, it cannot be said that it intentionally waived—in addition to waiving its right to counsel and its right to appeal under MCL 600.4812—its right to assign a judgment after the proceedings leading up to judgment were concluded. The district court points to a waiver provision contained in the affidavit and claim forms filed by Fifth Third Bank in the underlying cases; however, this provision merely states that the plaintiffs in the underlying actions, who are not parties in the instant case, waived their right to counsel. The provision says nothing with respect to waiver of the right to assignment of a small claims judgment. The district court has failed to demonstrate that Fifth Third Bank knowingly and intentionally relinquished its right to assignment.

Similarly, plaintiffs cannot be said to have known that the district court would refuse to process their assignments when they purchased the judgments from Fifth Third Bank, particularly because plaintiffs had been able to process assignments in other district courts previously. Therefore, because a waiver must occur knowingly and be intentional, plaintiffs did not waive

their right to challenge the constitutionality of MCL 600.8407(1). *Book Furniture Co, supra.*

### C. CONSTITUTIONALITY OF MCL 600.8407(1)

Plaintiffs argue that their due process rights under the Fifth Amendment and the Fourteenth Amendment of the United States Constitution, US Const, Ams V and XIV, and the Michigan Constitution, Const 1963, art 1, § 17, would be violated if MCL 600.8407(1) were interpreted to prohibit the assignment of small claims judgments. The parties agree that the appropriate standard of review is the rational basis test because the ability of an assignee to collect a small claims judgment is an economic matter.

> Under rational-basis review, courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose. To prevail under this *highly deferential* standard of review, a challenger must show that the legislation is "arbitrary and wholly unrelated in a rational way to the objective of the statute." A classification reviewed on this basis passes constitutional muster if the legislative judgment is supported by any set of facts, either known or which could reasonably be assumed, even if such facts may be debatable. Rational-basis review does not test the wisdom, need, or appropriateness of the legislation, or whether the classification is made with "mathematical nicety," or even whether it results in some inequity when put into practice. Rather, the statute is presumed constitutional, and the party challenging it bears a heavy burden of rebutting that presumption. [*Crego v Coleman*, 463 Mich 248, 259-260; 615 NW2d 218 (2000) (citations omitted and emphasis added).]

In assessing a statute's constitutional validity, this Court "must identify the objective that the challenged statute seeks to achieve." *Phillips, supra* at 454. This Court has explained that the purpose of creating the

small claims division of the district court is to "effect expeditious justice." *Schomaker, supra* at 226. Plaintiffs do not contest that this purpose is legitimate. Rather, plaintiffs argue that the statute, as interpreted by the district court, is not rationally related to this purpose because it would actually cause the small claims system to become less efficient. According to plaintiffs, by the time of judgment, the facts have been decided and are no longer in dispute, and involvement of the original plaintiff is no longer necessary. A small claims judgment creditor would use the same procedural tools available to and employed by the original judgment holder, and it is far more efficient for the courts to have a creditor well versed in the collections process pursue collection.

While plaintiffs' argument suggests that it is perhaps an unwise or bad policy to restrict assignments of small claims judgments, a rational basis review does not test the wisdom, need, or appropriateness of the statute. *Crego, supra* at 260. Further, given the "highly deferential" rational basis standard of review, it cannot be said that MCL 600.8407(1) is " 'arbitrary and wholly unrelated in a rational way to the objective of the statute.' " *Crego, supra* at 259 (citation omitted). Limiting the involvement of those who are not the original parties at all stages of the case promotes the "expeditious" resolution of small claims and informal proceedings among the actual litigants, which are objects of the act. *Schomaker, supra* at 226; MCL 600.8408(1); MCL 600.8408(2). By mutually agreeing to give up certain rights in order to resolve their limited monetary dispute in the small claims division, the original parties enjoy freedom from intervention by nonparty attorneys, collection agencies, third-party beneficiaries, assignees, and others who lack personal knowledge of the case, which can reasonably be said to reduce the cost and

complexity of litigation for all involved. Finally, because MCL 600.8407(1) is presumed constitutional, this Court must use extreme caution when deciding whether it is unconstitutional; it will only be found unconstitutional when it is clearly invalid. *Phillips, supra* at 422-423. We do not find the statute, as interpreted, clearly invalid. Plaintiffs' assertion that the postjudgment phase in the small claims division would be inefficient without the ability to assign is unsupported by facts on the record. Thus, plaintiffs have failed to rebut the presumption of constitutionality.

Plaintiffs also weave a vagueness argument into their constitutional challenge of MCL 600.8407(1), because some district courts purportedly accept and process assignments of small claims judgments, while others do not. Plaintiffs offer little analysis in support of their argument other than citing *Smith v Goguen*, 415 US 566; 94 S Ct 1242; 39 L Ed 2d 605 (1974), and discussing the statute's vagueness in conjunction with their first constitutional challenge that the statute is arbitrary.[10] Nevertheless, we will address this issue because plaintiffs did discuss it and cite authority. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

A statute can be found unconstitutionally vague in three ways:

---

[10] Plaintiffs also baldly assert that MCL 600.8407(1) is ambiguous, but provide no citation of authority, argument, or analysis. Therefore, this issue is waived.

It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. [*Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (quotation marks and citation omitted).]

> "A statute may qualify as void for vagueness if (1) it is overbroad and impinges on First Amendment freedoms, (2) it does not provide fair notice of the conduct it regulates, or (3) it gives the trier of fact unstructured and unlimited discretion in determining whether the statute has been violated." [*Dep't of State v Michigan Ed Ass'n-NEA*, 251 Mich App 110, 116; 650 NW2d 120 (2002), quoting *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 467; 639 NW2d 332 (2001).]

Plaintiffs appear to argue that the statute is vague because it does not provide fair notice of the regulated conduct. This Court should "examine[] the entire text of the statute and give[] the statute's words their ordinary meanings." *People v Piper*, 223 Mich App 642, 646; 567 NW2d 483 (1997). Because the vagueness challenge is not based on the First Amendment, this Court examines " 'whether the statute is vague as applied to the conduct allegedly proscribed in this case,' " instead of hypothetical concerns. *People v Knapp*, 244 Mich App 361, 374 n 4; 624 NW2d 227 (2001), quoting *People v Vronoka*, 228 Mich App 649, 652; 579 NW2d 138 (1998).

The fact that district courts have handled assignments of small claims judgments in different ways is not necessarily proof that the statute is vague. The language of the statute itself does not encourage arbitrary or discriminatory enforcement.

> A word used in a statute need not have but a single meaning to pass constitutional muster. . . . When determining whether a statute is void for vagueness, the reviewing court need not set aside common sense, nor is the Legislature required to define every concept in minute detail. Rather, the statutory language need only be reasonably precise. [*Dep't of State, supra* at 120-121.]

As a general principle, "a failure to define a term within a statute or ordinance [here the word 'prosecuted'] does

not render the statute unconstitutionally vague, where the common meaning of the word provides both adequate notice of the conduct prohibited and of the standards for enforcement." *Belle Maer Harbor v Harrison Charter Twp*, 170 F3d 553, 558 (CA 6, 1999). As previously stated, this Court already defined the term "prosecution," as used in chapter 84, as applying to all stages of a small claims case, including postjudgment proceedings. *Goehring, supra* at 364. Plaintiffs' disagreement with this interpretation does not render MCL 600.8407(1) unconstitutionally vague.

Finally, we reject plaintiffs' argument that MCL 600.8407(1) interferes with their property rights or liberty to contract. In addition to being inadequately briefed and thereby waived, plaintiffs' argument lacks merit because at the time plaintiffs purchased the small claims judgments from Fifth Third Bank, this Court had already interpreted the term "prosecution," as used in chapter 84, as applying to all stages of the proceedings in the small claims division. *Id.* Plaintiffs, who are presumed to know the law, purchased the small claims judgments at their own peril.

We find that the statute is rationally related to the legitimate purpose of promoting the efficient and inexpensive resolution of small claims, is not unconstitutionally vague, and did not interfere with plaintiffs' property rights or liberty to contract. Thus, we affirm the trial court's ruling that MCL 600.8407(1) is constitutional under the Michigan and United States constitutions.

### IV. CONCLUSION

The circuit court did not abuse its discretion by dismissing plaintiffs' complaint for a writ of superintending control because this Court previously inter-

preted the term "prosecution" under the statutory scheme for the small claims division to apply to every stage of the case, including postjudgment proceedings. This Court's interpretation of the term "prosecution" in MCL 600.8408(1) applies to the term "prosecuted" in MCL 600.8407(1). Further, although plaintiffs have standing and did not waive their right to challenge the constitutionality of MCL 600.8407(1), the statute is rationally related to the legitimate state interest of promoting the efficient and inexpensive resolution of small claims, is not unconstitutionally vague, and does not interfere with plaintiffs' property rights or liberty to contract.

Affirmed.