*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re DONAHUE.

---

MARK MURRAY DONAHUE,

        Plaintiff-Appellant,

v

55TH DISTRICT COURT,

        Defendant-Appellee.

UNPUBLISHED
February 19, 2019

No. 343366
Ingham Circuit Court
LC No. 18-000049-AS

---

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Mark Donahue, appeals as of right the circuit court's order denying a request for superintending control over defendant, the 55th District Court. Because the circuit court did not abuse its discretion by refusing to exercise superintending control, we affirm.

## I. BASIC FACTS

In November 2010, Donahue was arrested for operating a motor vehicle while intoxicated, third offense, MCL 257.625; MCL 257.625(9)(c), operating a motor vehicle while license suspended, MCL 257.904(3)(a), and possessing open intoxicants in a motor vehicle on a highway, MCL 257.624a. He was diverted to felony sobriety court in March 2011.[1] In April 2011, Donahue was formally sentenced to the felony sobriety court by Judge Donald Allen, who

---

[1] According to the record before this Court, effective August 2, 2012, the felony sobriety court was established in the 55th District Court by administrative order of the 30th Circuit Court pursuant to the revised judicature act, MCL 600.1060 *et seq*. Although not clear on the present record, it appears that the felony sobriety court existed in some form before August 2, 2012.

was sitting as a circuit court judge.[2] As part of the sentence, Donahue was ordered to pay $5,345 in fines, costs, and fees.

Donahue was unsuccessful in the felony sobriety court, so he was terminated from participation in the court on April 16, 2012. The record reflects that, when he was terminated from the court, $4,265 of the assessed fines, costs, and fees were removed and the case was scheduled for sentencing on May 10, 2012. In June 2012, he was sentenced to a term of probation, fines, and costs by a circuit court judge.[3]

On March 12, 2013, Donahue was ordered to show cause as to why he should not be held in criminal contempt of court for his failure to pay the remaining $1,125 in costs and fees that were originally ordered in April 2011.[4] Donahue's lawyer filed a motion to quash the order, arguing that it was defective for a number of reasons, including that the April 2011 orders requiring him to pay the costs "were rendered null and void by virtue of the court's order of April 16, 2012" that terminated Donahue's participation in sobriety court. On April 23, 2013, Judge Allen heard the motion to quash. Judge Allen found that the court could impose costs under MCR 769.1k(3) even if Donahue's probation was revoked, but it agreed with Donahue that

_____

[2] Although Judge Allen is a district court judge, at the time he sentenced Donahue in April 2011 he was acting as a circuit court judge as reflected in Assignment No. 1120101, which provides that from January 1, 2011 until December 31, 2011, Judge Allen had a blanket assignment to serve as a circuit court judge in order to assist with the circuit court docket in any non-disqualification matters as directed by the chief judge of the Ingham County Circuit Court.

On appeal, Donahue contends that Judge Allen was only allowed to take felony pleas, but was not authorized to impose a felony sentence. In support, he directs this Court to administrative order 2005-01, D55; in that order the 30th Circuit Court authorized district court judges to "take pleas in criminal cases cognizable in the Circuit Court" so long as certain requirements were met. Nevertheless, because Judge Allen was acting as a circuit court judge when he sentenced Donahue in 2011, the fact that the 2005 administrative order would have authorized him to accept felony pleas in his capacity as a district court judge is irrelevant. Again, the record reflects that he was sitting as a circuit court judge, not a district court judge, when he imposed the April 2011 sentence.

We are also cognizant that Donahue appears to have been sentenced to the felony sobriety court before the procedures for it were established by administrative order in August 2012. See note 1, *supra*. However, again, Judge Allen was sitting as a circuit court judge at that time, so he could properly accept Donahue's plea on a felony charge and impose a sentence.

[3] A copy of the June 2012 judgment of sentence is not available in the lower court record, so it is unclear whether the fines and costs imposed were duplicative of the remaining fines and costs from the April 2011 sentence imposed on Donahue by Judge Allen.

[4] A copy of the show cause order is not available in the lower court record. Presumably, the order was sent by the 55th District Court.

a new order imposing the costs and fees had to be issued and that it would be improper to impose criminal contempt given the deficiencies in the show cause order. Accordingly, on May 2, 2013, Judge Allen entered an order quashing the March 2013 show-cause order and ordering Donahue to pay $702 as a pro-rated sobriety court fee and $378 in probation oversight fees for a total of $1,080. Donahue did not appeal the order "due to lack of resources and lack of stamina."

Approximately three months later, on August 26, 2013, a second show cause order was issued because Donahue failed to pay the ordered costs and fees. Donahue did not appear and a bench warrant was issued for his arrest. On December 4, 2013, he was arraigned on the warrant and ordered to report to the appropriate collections officer within 24 hours. It is unclear whether he did so; however, on May 28, 2014, a late penalty was added to the sum Donahue was ordered to pay, and on October 31, 2017 another show cause order was generated requiring Donahue to appear and show cause as to why he should not be held in contempt for his failure to pay. On November 21, 2017, Donahue entered into a payment plan with the 55th District Court that required him to pay $30 per month starting on December 21, 2017. It does not appear that he made any payments under that plan, however.[5]

Instead, on January 22, 2018, Donahue filed a complaint for superintending control with the circuit court, asking the circuit court to order the 55th District Court to "cease and desist" all efforts to collect the financial assessments, to reduce Donahue's purported balance to nothing, to refund any monies paid to the 55th District Court, and to remove any negative reports to credit reporting agencies. He contended that the orders imposing the financial assessments were unlawful because they were entered by a court without jurisdiction and because they violated the Double Jeopardy clause of the federal and state constitutions.[6] In response, the 55th District Court argued that superintending control was improper because Judge Allen had been acting as a circuit court judge at the time that he entered the challenged orders and because Donahue had an adequate remedy to alleviate any errors because he could have appealed Judge Allen's order following the April 23, 2013 hearing.

On March 8, 2018, the circuit court entered an order denying the complaint for superintending control. The court first held that dismissal of the complaint was warranted under MCR 3.302(E)(3)(a)(*iii*) because Judge Allen was sitting as a circuit court judge when it was supervising Donahue's felony probation in sobriety court. See MCR 3.302(A) ("A superintending control order enforces the superintending control power of a court *over lower courts or tribunals*."). Additionally, the circuit court determined that because Donahue could have appealed the challenged orders, dismissal was mandated under MCR 3.302(D)(2), which provides that "[i]f superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed."

---

[5] A copy of the payment plan agreement is not available in the lower court record.

[6] Donahue also argued that the March 2012 show cause order was entered in violation of the court rules. However, because his motion to quash that order was granted, any errors with the order have been rendered moot, so we decline to address those purported errors further.

Donahue moved for reconsideration, contending that Judge Allen was acting as a district court, not a circuit court judge, so his complaint for superintending control was properly directed at a lower tribunal. Donahue did not, however, challenge the circuit court's decision that dismissal was required because he had an adequate remedy in the form of an appeal. The circuit court denied the motion for reconsideration. This appeal follows.

## II. SUPERINTENDING CONTROL

### A. STANDARD OF REVIEW

Donahue argues that the circuit court erred by dismissing his complaint for superintending control. "The grant or denial of a petition for superintending control is within the sound discretion of the court. Absent an abuse of discretion, this Court will not disturb the denial of a request for an order of superintending control." *The Cadle Co v City of Kentwood*, 285 Mich App 240, 246; 776 NW2d 145 (2009) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "A court does not abuse its discretion in refusing to grant a writ of superintending control where the party seeking the writ fails to establish grounds for granting a writ." *The Cadle Co*, 285 Mich App at 246.

### B. ANALYSIS

"[A] complaint for superintending control . . . is an original civil action designed to order a lower court to perform a legal duty." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 346-347; 675 NW2d 271 (2003). "Superintending control is an extraordinary power that the court may only invoke when the plaintiff has no legal remedy and demonstrates that the court has failed to perform a clear legal duty." *Id*. at 347. Therefore, "if a plaintiff has a legal remedy by way of appeal, the court may not exercise superintending control and must dismiss the complaint." *Id*. See also MCR 3.302(D)(2) ("When an appeal in the . . . circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed.").

Here, the circuit court dismissed Donahue's complaint for superintending control after determining that he had an adequate legal remedy in the form of an appeal. Assuming *arguendo* that Judge Allen issued the challenged orders in his capacity as a district court judge rather than a circuit court judge, an appeal of the orders was available under MCR 7.103. Alternatively, if he was sitting as a circuit court judge when the orders were issued, an appeal was available under MCR 7.204. As Donahue explained in his complaint for superintending control, he chose not to pursue such an appeal because of a "lack of resources and a lack of stamina." Stated differently, Donahue both acknowledges that an appeal was available to challenge the disputed orders and that he knowingly declined to pursue it.

Nevertheless, on appeal, he argues for the first time that when he filed his complaint for superintending control in 2018, no appeal of the disputed orders was available and a complaint for superintending control was his only legal remedy. He asserts that because MCR 3.302(D)(2) states that a complaint for superintending control must be dismissed if an appeal "*is* available,"

the fact that an appeal is no longer available means that the court is not required to dismiss his complaint. We disagree. Donahue's argument wholly ignores that a remedy was available when the allegedly improper order was entered, but he simply chose not to avail himself of it. Accordingly, because an appeal was available, Donahue cannot now maintain a complaint for superintending control. MCR 3.302(D)(2).

Moreover, Donahue could have also filed a motion for relief from judgment under MCR 6.502, which provides that a defendant in a felony case may move for relief from judgment. Notably, there is no time limit imposed on when the motion must be filed, so this avenue of legal relief remains available. See MCR 6.502. On appeal, Donahue argues that Chapter 6.500 of the Michigan Court Rules only applies to the circuit court. We disagree. MCR 6.501 provides that "[u]nless otherwise specified by these rules, a judgment of conviction and sentence entered by the circuit court not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter." Contrary to Donahue's argument, it does not state that subchapter 6.500 only applies to the circuit court. Additionally, MCR 6.001 provides that in *felony cases* "[t]he rules in subchapters 6.000-6.500 govern matters of procedure . . . ." Donahue's case is a felony case, so subchapter 6.500 of the Michigan Court Rules governs the criminal procedure to be used in his case. As a result, although Donahue correctly points out that in a *misdemeanor* case the rules in subchapter 6.500 do not apply, that has no relevance to the current dispute. Instead, because a motion for relief from judgment could have been filed under MCR 6.502, Donahue had an adequate remedy—in addition to an appeal—available, so his complaint for superintending control was not proper. See MCR 3.302(B) ("If another adequate remedy is available to the party seeking [a superintending control order], a complaint for superintending control may not be filed.").[7]

Affirmed.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[7] Given our resolution, we need not address Donahue's argument that Judge Allen's orders violated the Double Jeopardy clauses of the state and federal constitutions. That matter is only relevant to whether the 55th District Court had a clear legal duty, but Donahue had to establish both the lack of an adequate legal remedy and the failure of the lower court to perform a clear legal duty. See *Shepherd*, 259 Mich App at 347.